JAMES SIMS vs. AMERICAN STEEL BARGE CO.

Argued Dec. 13, 1893. Affirmed Jan. 2, 1894.

No. 8363.

A presumption as to a fact.

Where, upon the trial of a case, it is shown that a defendant had in his employ a crew of men, whose exclusive work and duty it was to put up such staging and scaffolding as, from time to time, was needed for the use of workmen engaged in defendant's general work and business, the presumption arises that a staging found in position at the place where a workman is required to perform his work, and upon which he is obliged to stand to perform it, was built by one or more of the staging crew.

Staging builders, not fellow servants with ship plater.

The men composing such a crew, and the men engaged in defendant's general work and business, are not fellow servants.

Discretion in changing venue for convenience of witnesses.

Held, that there was no abuse of discretion on the part of the court below when it denied defendant's motion for a change of place of trial for the convenience of witnesses.

Appeal by defendant, the American Steel Barge Company, from a judgment of the District Court of Ramsey County, Chas. D. Kerr, J., entered July 7, 1893, against it for $3,667.85.

The plaintiff, James Sims, on June 1, 1892, was employed by defendant in the work of fitting inside steel plates to the frame of a steel barge it was then building at West Superior, Wis. He was taking upon a mould or wooden strip the exact position of the rivet holes in the steel frame of the vessel to enable him to lay off or indicate corresponding holes in the steel plate that was to be fitted on. He was called a ship-plater, and his work, laying off steel plates. He learned the trade on the Clyde in Scotland and had been eight years in this country at work in different ship yards. On that day the stage builders put up inside staging on the port side of the vessel for plaintiff and his helper to work on. One of the planks sixteen feet long and two inches thick was knotty and very cross-grained near the middle. It rested on wooden horses at each end. It suddenly broke while plaintiff was on it and he fell sixteen feet into the hold and his left foot was seriously in-

jured. The action was to recover damages for the injury. Plaintiff claimed that the negligence of the builders of the staging in using an unfit plank was defendant's negligence, and rendered it liable to him. The answer was a general denial. Defendant moved to change the place of trial from Ramsey to St. Louis County for the convenience of witnesses, but its motion was denied and the issues were tried March 28, 1893, before a jury. Defendant claimed that the plaintiff and the stage builders were fellow servants and also claimed after the case was submitted that there was no evidence that any of its servants built the staging. Plaintiff had a verdict for $3,500. Defendant moved for a new trial but was denied, costs were taxed, and judgment was entered on the verdict. Defendant appeals.

*Kitchel, Cohen & Shaw*, for appellant.

In this case the plaintiff lived in West Superior, his injuries occurred there in defendant's shipyard. The witnesses to the transaction on both sides lived at West Superior. The nearest County Seat in this State is Duluth. It is distant from the point of the accident only five miles, and the next term of Court there, after the application for the change of venue occurred within six weeks. As against this showing the plaintiff's only answer was, that the defendant could as little compel the attendance of Wisconsin Witnesses in Duluth as it could compel their attendance in St. Paul. We submit that this answer was incomplete.

The modern rule concerning change of venue does not depend entirely upon the mere convenience of witnesses, but also, as stated in the law itself, upon the promotion of justice by the change. The trial should be as near as possible to the place where the cause of action arose.

Guinane, the scaffold builder, testifies that he did not select or place this plank on the horses. The plaintiff and his assistant were away while the planks were being put upon the horses. They both testify that they did not select or place it there. It is clear from this testimony that during the time when Sims and Youngquist were in the yard, some one placed in position the platform upon which Sims afterward worked. Who so placed the platform does not appear. The only persons around were the bolters and

Sims and Youngquist, his helper. The scaffold builder was not there, nor, so far as appears in the testimony, was any one of his crew. Here was a gap in the plaintiff's case.

It could not be an act of negligence on the part of defendant, no matter by whom the plank was placed in position, if, in fact, it was not placed in position by one of the crew of scaffolders. If the plank were placed where it was by a stranger or by another workman engaged in the work of erecting the vessel, such act would not be the defendant's act. *Joy* v. *Winnisimmet Co.*, 114 Mass. 63; *Flynn* v. *Beebe*, 98 Mass. 575.

The scaffolders were plaintiff's fellow servants. *Lindvall* v. *Woods*, 41 Minn. 212; *Fraser* v. *Red River Lumber Co.*, 45 Minn. 235; *Ling* v. *St. Paul, M. & M. Ry. Co.*, 50 Minn. 160.

*C. D. & Thos. D. O'Brien*, for respondent.

The determination of the Court upon the motion to change the place of trial was purely discretionary, and the defendant fails to point out any abuse of the discretion exercised by the Court below upon that subject.

The staging was erected within and between the decks of a vessel which was in course of construction by the defendant through its employes. The defendant had provided a crew of men to perform that work and they performed none other. When the plaintiff returned from the yard he found the staging constructed. Neither he nor his helper constructed it or any part of it. In the absence of knowledge on his part the presumption is conclusive that defendant erected it, and erected it through the employes detailed for that purpose.

The materials for this staging were furnished by the master, and the construction of the same was delegated by the master to the witness, Guinane, and a crew of from two to four men who assisted him. It was the duty of Guinane and this crew to perform this specific work, and they did nothing else with respect to the general employment. The men composing this crew were not fellow servants of plaintiff in the sense that defendant is not responsible for their negligence. *Le Clair* v. *First Div. St. Paul & P. R. Co.*, 20 Minn. 9; *Steen* v. *St. Paul & D. R. Co.*, 37 Minn. 310; *Sather* v. *Ness*, 44 Minn. 443; *Kelly* v. *Erie, T. & T. Co.*, 34 Minn.

321; *Anderson* v. *Minnesota & N. W. R. Co.*, 39 Minn. 523; *Anderson* v. *Northern Mill Co.*, 42 Minn. 424; *Cook* v. *St. Paul, M. & M. Ry. Co.*, 34 Minn. 45; *Ransier* v. *Minneapolis & St. L. Ry. Co.*, 32 Minn. 331; *Franklyn* v. *Winona & St. P. R. Co.*, 37 Minn. 409.

COLLINS, J.  Plaintiff was a ship plater in defendant's employ, at its yards in West Superior, Wis.  He was injured while "laying off" steel plates upon the deck of a steam barge which defendant corporation was constructing in said yards.  The deck beams of steel had been put in, but the spaces between them were open.  In order to do his work, the plaintiff had to go upon a staging made of two or more planks, sixteen or eighteen feet long, laid upon wooden horses about two and a half feet high.  These horses rested on planks laid down upon the deck beams.  A plank used for staging broke, and plaintiff was precipitated to the hold of the vessel, some eighteen feet, receiving the injuries complained of, and which he attributes to defendant's negligence.  Certain it is that the plank in question was defective, and unfit for use in such a place.  A verdict was rendered against defendant, and it appeals from a judgment entered after the denial of its motion for a new trial.

1. There is nothing in the assignment that the court erred in overruling defendant's motion for a change of place of trial for the convenience of witnesses.  There was, so far as appears from the record, no abuse of that discretion which is necessarily vested in a trial court upon the consideration of such a motion.

2. By means of various specifications of error, the claim is made that there was no evidence offered or received which tended to show that the defective plank, or the staging in which it was found, were placed in position by the men employed by defendant as builders of necessary staging, or by any other authorized person.  The plaintiff did not prove by whom the staging in question was built.  He did prove that the materials were furnished by defendant, and that the construction of all staging used about the barge was delegated by defendant to one Guinane and a crew of from two to four men, his assistants.  Guinane and his crew were not employed in the general work carried on by defendant, their exclusive business being to build such staging and scaffolding as might be needed, from time to time, by other workmen engaged in defendant's general work and

business. On the day of the accident, plaintiff had gone from near where he was afterwards injured, the staging not being then in position, to the other side of the vessel, and had there been at work for something more than an hour. He then went, with his helper, into the yard for a mold, which was to be used at the point where they found the staging built on their return. The helper testified that it was put up while plaintiff and himself were in the yard after the mold. So the facts were that at the time plaintiff was required to perform work at that particular place, and, necessarily, to stand upon and use a staging, while performing it, he found the one in question in position, and used it. It is certainly fair to presume that this staging was built by one or more of the men employed and delegated by the defendant to do that special work when needed, and whose exclusive duty it was to do it, and, unless this is a fair presumption, we must infer that these men wholly failed to do their duty, and also infer that a staging upon the barge may have been erected by an intermeddler. If this was the fact, it was incumbent upon the defendant, at least, to offer to show it. The presumption we have referred to was not affected by proof that Guinane himself did not build the staging, nor could he tell who did.

The cases cited by defendant's counsel—*Flynn* v. *Beebe*, 98 Mass. 575, and *Joy* v. *Winnisimmet Co.*, 114 Mass. 63—are not at all analogous to the one at bar.

3. It is urged that within the rules laid down in *Lindvall* v. *Woods*, 41 Minn. 212, (42 N. W. 1020,) and *Fraser* v. *Red River Lumber Co.*, 45 Minn. 235, (47 N. W. 785,) the plaintiff cannot recover, because the men engaged in building the staging were his fellow servants. In each of those cases, as well as in *Marsh* v. *Herman*, 47 Minn. 537, (50 N. W. 611,) the very familiar rule that the master is bound to use due care in furnishing safe structures or instrumentalities with which the servant is to do his work, and is responsible if, 'through his own negligence, or the negligence of other servants employed to furnish them, they are unsafe, and injury results, was referred to. In the *Lindvall* Case the defendants were declared not liable, because the men were all serving the same master, under the same control, and all engaged in the same general work,—that of grading a railroad. The trestle which fell and caused the injury was not a

structure furnished by the defendants for their employes to work upon, but was itself a part of the work the employes were employed to perform. It was built by themselves. In the *Fraser* Case it was distinctly held that all of the men engaged about defendant's lumber yard, whether pilers, scalers, sorters, or measurers, were engaged in promoting the same common object, and as to each other, and as to every part of the common enterprise, were fellow servants. Attention was called in that opinion to an important consideration often overlooked, it was said; and that is whether the structure, appliance, or instrumentality is one which has been furnished for the work in which the servants are to be engaged, or whether the furnishing and preparation of it is part of the work which they are employed to perform. This same distinction was alluded to in *Marsh* v. *Herman, supra,* and it was held that where the general work in which several servants are engaged includes the construction or preparation of the appliances with which they are to work, such as constructing a scaffold on which they are to stand while at work, they must be deemed fellow servants in respect to the negligence of one of them while building such scaffold. The difference between the case at bar and those we have referred to, on the facts, is marked. The latter are really authorities in plaintiff's favor, and support his contention that the builders of the scaffold were not his fellow servants. The defendant had undertaken to furnish a scaffold upon which the plaintiff was to do his work, and had delegated the construction of such scaffold to certain men, who were employed for no other purpose. The defendant master owed to plaintiff, its servant, the duty of furnishing to him a safe structure, and failed so to do. The omission and neglect of Guinane and his crew, to whom this duty had been specially confided, was that of the master, and for which it was liable to plaintiff in this action.

Judgment affirmed.

(Opinion published 57 N. W. Rep. 322.)