CLARA FAULER v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY AND AGNES J. FECKLER.[1]

March 29, 1934.

No. 30,028.

*Sexton, Mordaunt, Kennedy & Carroll,* for relator.
*J. N. Peterson,* for Agnes J. Feckler.

*PER CURIAM.*

On an order to show cause why a peremptory write of *mandamus* should not issue directing the district court of Todd county to change the venue in the above entitled cause to Ramsey county and cause the files to be transmitted to the clerk of court of last named county, it appears from the return:

That plaintiff resides in Ramsey county, that the defendant railway company has its principal place of business in Ramsey county, and that its railroad does not extend into Todd county, where defendant Feckler resides; that plaintiff brought this action in Ramsey county; that after

[1]Reported in 253 N. W. 884.

the summons was served and within 20 days of such service the defendant Feckler filed an affidavit with the clerk of the court demanding a change of venue to Todd county, and thereupon the change was made, as provided in 2 Mason Minn. St. 1927, § 9215; that thereafter the defendant Feckler served her answer entitled in Todd county, service of which was accepted by plaintiff's attorneys and a reply served also entitled in the same county; that after this was done plaintiff moved the district court of Todd county to change the venue back to Ramsey county (a) on the ground that the affidavit demanding the change of venue to Todd county was false, and (b) on the ground that the convenience of witnesses will be best served by a change of trial to Ramsey county; that the motion was opposed by a showing that the defendant railway was ready to pay into court the sum which plaintiff and the defendant Feckler each sought to recover and that the convenience of witnesses and the interests of justice would be best served by retention of the venue in Todd county; and the court found that the railway company was merely a nominal party holding in its hands funds to which it makes no claims and which it is desirous to pay into court, and that the convenience of witnesses will not be best served by removing said action back for trial in Ramsey county.

Had plaintiff based her motion solely on the first ground, it might be difficult to find that the railway was merely a nominal party and made a party defendant simply for the purpose of permitting plaintiff 'to have the trial in Ramsey county. But plaintiff also made the motion on the ground of the convenience of witnesses, without any showing as to names or residences, whereas the defendant Feckler named nine witnesses, residents of Todd county, who could give material evidence on the issues to be tried. When it comes to changing or not changing the place of trial for the convenience of witnesses, the trial court has a wide discretion. In view of the attitude of the railroad company to deposit in court the precise amount it holds for the one of the two claimants in this action who proves herself entitled thereto, we think no injustice is done plaintiff when defendant is accorded the right to have the action tried in the county of her residence.

The order to show cause is discharged.