# LEONARD G. RAMSWICK AND OTHERS v. HENRY W. MESSERER.[1]

June 18, 1937.

No. 31,207.

*Stevens & Stevens* and *John G. Priebe,* for appellants.
*William H. Freeman* and *Cranford W. Ingham,* for respondent.

PER CURIAM.

This is an appeal from an order denying plaintiffs' combined motion to set aside the verdicts entered in favor of defendant and grant a new trial.

The action arose out of an automobile collision in the city of Minneapolis. One of the plaintiffs, William H. Shackleton, was driving an automobile in which the other plaintiffs were riding when it collided with the automobile of defendant. Actions were started against Messerer by separate summons and complaints by each of the plaintiffs and were placed on the calendar together. The day the cases were called the attorney for plaintiffs moved that the actions be tried separately; the motion was denied and the

[1]Reported in 274 N. W. 179.

cases, over objection of plaintiffs' counsel, were tried together. The only assignment of error on this appeal is that the court erred in denying the motion to try the cases separately.

2 Mason Minn. St. 1927, § 9264, reads:

"Two or more actions pending at one time between the same parties and in the same court, upon causes of action which might have been joined, may be consolidated by order of the court. Separate trials between plaintiff and any of several defendants in the same action may be allowed whenever, in the opinion of the court, justice will be promoted thereby."

But this section does not cover trials between a defendant and several plaintiffs. Appellants maintain that since these are not actions between *the same parties* the court should have granted their motion for separate trials. They reason that since different defenses may be interposed to the actions by the passengers and that of the driver that a charge to a jury on the separate defenses would tend to confuse the jury and in general work to the disadvantage of all the plaintiffs.

It is respondent's contention that there is a difference between "consolidating" actions for trial and trying several cases together. 1 C. J. S. p. 1341, states the distinction between the two and defines consolidation of actions as meaning the merging of two or more actions into one so that they lose their separate identity, while in the trial of several actions together "each retains its separate character and requires the entry of a separate judgment. The failure to distinguish between these methods of procedure which are entirely distinct, the * * * latter, strictly speaking, not being a consolidation, a fact which has not always been noted, * * *." This statement finds support in National Union F. Ins. Co. v. Chesapeake & O. Ry. Co. (D. C.) 4 F. Supp. 25, citing Harrigan v. Gilchrist, 121 Wis. 127, 99 N. W. 909, where it was stated that consolidation of actions does not mean a consolidation of trials. The supreme court of Pennsylvania, in Azinger v. Pennsylvania R. Co. 262 Pa. 242, 246, 105 A. 87, 88, has said that where separate actions in favor of or against two or more persons have

arisen out of a single transaction and the evidence by which they are supported is largely the same, "although the rights and liabilities of parties may differ, it is within the discretion of the trial judge to order all to be tried together, though in every other respect the actions remain distinct and require separate verdicts and judgments."

The supreme court of Wisconsin, in actions by a parent for medical expenses and one by the minor child for injuries, held that the cases might be tried together in a joint trial and that it was largely in the discretion of the trial court whether or not such procedure was proper. Schmidt v. Riess, 186 Wis. 574, 203 N. W. 362.

We are of the opinion that, aside from the statute, the court has inherent power in its discretion to direct the trial together of cases like those at bar which arise out of the same state of facts although the rights or liabilities of the parties may differ. Trial courts will doubtless scrutinize the issues with great care so as to prevent prejudice to any party before ordering such cases to be tried together.

Affirmed.