# JACQUELYN EICHTEN AND ANOTHER v. CENTRAL MINNESOTA COOPERATIVE POWER ASSOCIATION AND ANOTHER.[1]

March 15, 1946.

No. 34,234.

[1]Reported in 22 N. W. (2d) 218.

*Freeman & King,* for relators.

*Alexander Seifert, S. S. Larson,* and *Ernest E. Watson,* for respondents.

Per Curiam.

This matter comes before us pursuant to our order to show cause why writs of *mandamus* should not issue directing the district court of Redwood county, ninth judicial district, and the Honorable Albert H. Enersen, judge thereof, to grant relators' motion for a change of venue to Hennepin county.

Two negligence actions are involved, both arising out of an automobile collision which occurred in Redwood county on June 11, 1943. Both actions were brought in Hennepin county, but the venue was changed to Redwood county, since both defendants (respondents here) reside there.

What relators seek is to have the place of trial brought back to Hennepin county, asserting as their reason therefor that the convenience of witnesses and the ends of justice will be promoted thereby.

The real reason for relators' motion is founded upon the fact that there are six or more medical experts whose testimony will be necessary properly and adequately to present the nature, extent, and duration of injuries suffered by Jacquelyn, now a minor of three years, as the direct consequence of the accident to which we have referred. These witnesses reside in the cities of Minneapolis and St. Paul. The distance to be traveled by them from either of the cities to Redwood Falls, the county seat of Redwood county, is approximately 140 miles. Relators aver that the expense of bringing these men and having them in attendance is likely to exceed $1,000. The action brought by the minor is prosecuted by her

father, who until his final discharge in September 1945 had been engaged in the military service of our country for nearly six years. He is now employed and lives in Minneapolis. His wife and their little girl still reside in Redwood county because of the husband's inability to procure living quarters in Minneapolis, a situation resulting from the housing shortage. The car was being driven by the child's mother when the accident occurred. She and the grandmother were the only eyewitnesses for relators, and their testimony will be the basis of relators' contentions. Respondents' only eyewitnesses to the accident are respondent Leonard Berberich, driver of the truck involved in the accident, and Donald Turner, now in the armed forces at Camp Crowder, Missouri.

Respondents contend that the only issue of law here is whether the record presents a fact issue calling for the exercise of the trial court's discretion. Relators, however, are of the opinion that the trial court did not determine this issue as one of fact but as one of law. Judge Enersen's memorandum lucidly states his views and the reasons for the conclusion reached. He said:

*"The reasons given by the plaintiff for remanding the case to Hennepin County are very cogent, and I wish I could feel that I would be justified in granting the motion.* But, under the statute and the decisions, the motion must be denied." (Italics supplied.)

We think the compelling reasons for the denial of the motion are accurately stated in the quoted language. Undoubtedly an experienced trial judge such as is Judge Enersen would not use the word "cogent" without intending that its meaning should be given full effect. The word is defined in Webster's New International Dictionary (2 ed.) 1934, as "compelling, or having the power of compelling or constraining; esp., appealing forcibly or conclusively to the mind or reason; convincing or strongly tending to convince." Under synonyms, we find this explanation: "A *forcible* argument tells strongly, but may not convince; *cogent* reasoning is more apt to be conclusive or to compel assent."

■ It is not within our province in situations such as we have here to pass upon the merits of the case. State ex rel. Ward v.

District Court, 200 Minn. 632, 274 N. W. 623; State ex rel. Kulla v. District Court, 200 Minn. 633, 274 N. W. 673.

■ Since the trial judge has definitely stated his reason for not granting the change of venue, although the reasons advanced by the respective relators were deemed cogent, *i. e.*, "compelling" or "constraining," we need entertain no doubt that he believed relators' prayer for relief should have been granted, but was dissuaded from so doing by what he concluded to be restrictions imposed by the statutory provision under which the relief was sought. The statute, Minn. St. 1941, § 542.11 (Mason St. 1927, § 9216), provides:

"The venue of any civil action may be changed by order of the court in the following cases:

*   *   *   *   *

"(4) When the convenience of witnesses and the ends of justice would be promoted by the change."

■ Respondents say that both the convenience of witnesses *and* the ends of justice must be considered together before the operative effect of the statute comes into play. That may well be granted. And we may also agree that their position is right when they say that the convenience of witnesses for both sides of the controversy must be considered and that no venue will be changed simply to accommodate the witnesses of one party if thereby the witnesses for the other party would be equally discommoded.

■ With these directions in mind, our final consideration here is to determine whether the ends of justice will be promoted by the change sought. The expert witnesses, probably six or more, are to come from one or both of the Twin Cities. There were but two eyewitnesses for respondents and some five or six others who came upon the scene after the accident. Some of these are mechanics or garagemen, others are parties who happened to appear on the scene shortly after the occurrence of the accident. No one contends that bringing these men to Hennepin county will involve an expense at all comparable to the expense that will be involved in respect to calling and having medical experts in attendance.

Relators advise us that Jacquelyn was but three months old when she was injured; that she is seriously and permanently incapacitated in two different respects, one relating to her leg and the other to one of her eyes. In her behalf, it is contended that she received in the accident a fractured skull and brain contusions from which her disabilities resulted. Relators say that respondents claim the child was born "as she now is" and that her disabilities are congenital in nature. Obviously, these issues are important. They are likely to be highly controversial and such as will require medical witnesses of the highest standing.

In view of the seriousness of the child's injuries, her obvious incompetence, and her father's inability to procure needed medical testimony, we think that there are *cogent* reasons not only justifying but compelling the granting of the relief they seek.

Let the writs issue.

