JAMES CHELLICO v. JAMES E. MARTIRE AND OTHERS.
GREAT NORTHERN RAILWAY COMPANY, RELATOR.[1]

October 8, 1948.

No. 34,864.

---

*Edwin C. Matthias, James H. Mulally,* and *William P. Westphal,* for relator.

*John J. Benton* and *A. W. Spellacy,* for respondent.

*Stone, Manthey & Carey,* for defendants James E. and Anthony Martire, and of counsel for relator.

PER CURIAM.

Application for a peremptory writ of mandamus upon the relation of defendant railway company to compel the district court for Itasca county to change the venue of this action against relator from Itasca county to St. Louis county.

This action, which is one of four suits arising out of a collision between an automobile and one of defendant's trains near the village of Keewatin, was commenced and is pending in Itasca county against defendant railroad as well as against two individual defendants, who have stipulated that a change of venue may be granted. Two of the other actions were commenced in St. Louis county against the same defendants and arise out of injuries sustained by a minor. The fourth action, in behalf of another minor, who was driving the car, was commenced in St. Louis county against one defendant, the railroad. The instant case was noticed for trial at Grand Rapids in Itasca county at the September 14, 1948, general term of the district court. The three suits pending in St. Louis county will normally come up for hearing at the October 19, 1948, term at Hibbing.

The motion for change of venue is predicated on the statutory ground that such change will promote "the convenience of witnesses and the ends of justice," first, in that a majority of defendant's witnesses reside closer to Hibbing than to Grand Rapids, and, sec-

ond, in that a change of venue will afford defendant an opportunity to move the district court of St. Louis county for a consolidation of the four actions for one trial. Defendant alleges that it "will be greatly prejudiced by being forced to try any of these cases separately and in advance of any of the other cases." M. S. A. 542.11(4) provides that the venue of a civil action may be changed—

"When the convenience of witnesses and the ends of justice would be promoted by the change."

In applying this statutory ground, we shall first consider the distance which the witnesses must travel. If the trial is held at Grand Rapids, nearly all of defendant's witnesses will be required to travel about 30 miles farther than if the trial is conducted at Hibbing. On the other hand, one witness, residing at Cass Lake, will be compelled to travel 35 miles farther if the change to Hibbing is granted. Regardless of where the trial is held, the witnesses will enjoy the use of excellent highways and modern means of transportation. With respect to the difference in mileage, time lost, and expenses involved, a change of venue would effect a saving that is obviously negligible. This aspect of the case discloses no abuse of discretion on the part of the trial court. See, Vornbrock v. Bollig, 219 Minn. 577, 18 N. W. (2d) 441.

Defendant alleges, however, that if a change to Hibbing is granted it will move to consolidate all four actions for one trial, and states that it will be greatly prejudiced if it is forced to try any one of the four cases separately and in advance of the others. Strictly speaking, we are not here concerned with a consolidation of actions, but merely with a consolidation of trials. The former brings about a merger of two or more actions into one, whereby each loses its separate identity, whereas in the case of consolidation of trials there is no loss of identity of an action. Ramswick v. Messerer, 200 Minn. 299, 274 N. W. 179. A trial court in its sound discretion may order a consolidation of the trials of separate actions arising out of the same collision even though the rights and liabilities of the parties may differ. Ramswick v. Messerer, *supra.* Under the circumstances here existing, what relation does the consolidation of these trials

bear to the promotion of "the convenience of witnesses and the ends of justice"? Both statutory elements, namely, the convenience of witnesses *and* the ends of justice, are to be considered. Eichten v. Central Minnesota Coop. Power Assn. 221 Minn. 349, 22 N. W. (2d) 218. Under the circumstances revealed in the instant case, the convenience of witnesses is of little significance. Will the ends of justice, however, be promoted by a consolidation of the trials? Obviously, whether each action is tried separately or in conjunction with the others, the essential controlling facts upon which any of the verdicts must rest will be the same, and there will be no variation in the applicable legal principles. The promotion of the ends of justice is not to be predicated upon a jockeying for strategic advantage in avoiding an advance disclosure of the evidentiary facts. No other factor is disclosed by the record. In denying a change of venue, we find no abuse of the trial court's sound discretion.

Peremptory writ of mandamus denied and order to show cause discharged.

