SHARLEE KING v. ROLAND F. SCHULTZ.
ROBERT KING v. SAME.[1]

July 7, 1950.

Nos. 35,314, 35,315.

*Murnane & Murnane,* for relator.
*Carroll & Thorson* and *William T. Johnson,* for respondents.

PER CURIAM.

Plaintiffs brought suit in the district court of Washington county. Defendant applied for a change of venue to Becker county on the ground of convenience of witnesses and in the interest of justice. M. S. A. 542.11(4). The court denied the application, and defendant applied to this court in each case for a writ of mandamus to compel the change.

The accident out of which these actions arose occurred approximately six miles south of Detroit Lakes. Since defendant is a resident of Fargo, North Dakota, proper service was made upon the highway commissioner of the state of Minnesota pursuant to § 170.55, and venue in the first instance properly laid in Washington county. § 542.09. Defendant moved for a change of venue to Becker county on the ground stated. Defendant submits an affidavit by his attorney in support of his motion, defendant not being a resident of the county of affiant. The affidavit sets out that defendant is a resident of Fargo, North Dakota, 54 miles from Detroit Lakes, the county seat of Becker county, and 278 miles from Stillwater, the county seat of Washington county. Detroit Lakes is thus 224 miles from Stillwater. The affidavit lists 19 witnesses, all residing in or in the vicinity of Detroit Lakes, who will be called by defendant to testify at the trial. Three of these witnesses are physicians, who, defendant claims, have material knowledge pertaining to bodily injuries sustained by persons in the accident. Three are from the sheriff's office and will give information acquired in the investigation made after the accident. One is a photographer, who took pictures

[1] Reported in 43 N. W. (2d) 278.

of the vehicles involved. Most of the remainder of the proposed witnesses arrived at the scene shortly after the accident and will give information about the surroundings, the position of the vehicles, absence or presence of skid marks, and damage done to the vehicles. All the proposed witnesses are named.

Plaintiff Sharlee King and defendant were the only eyewitnesses to the accident. Defendant's wife, a passenger in his car, received fatal injuries in the collision.

Plaintiff Sharlee King in her counteraffidavit sets out that her residence is Minneapolis; that she has been under the care of Dr. James O'Donnell, a specialist; that she has had X rays taken by Doctors Ude and Borman; that several of her teeth have been damaged and that testimony will be adduced by a Minneapolis dentist relative to present and future condition of her mouth; that she is informed and believes that she will have to consult additional specialists in Minneapolis for treatment for eye trouble and fainting spells; that at the time of the accident she was taking nurses training at Abbott Hospital; that as a part of her case she will call several persons from the hospital to show her ability to perform the duties of a nurse; that she is informed and believes that if the trial of the action is to take place at Detroit Lakes the cost will be in excess of $1,000 in order to produce the testimony referred to; and that she is unable to meet that expense. In an affidavit given by one of her attorneys, it was stated that the reason the action was not brought in Hennepin county was the congestion of the jury calendar, and that Washington county is near Minneapolis.

In Claseman v. Feeney, 211 Minn. 266, 271, 300 N. W. 818, 820, we held that an action for wrongful death, being a transitory one and defendant a nonresident, is triable under statutory provisions in any county designated by plaintiff, but that there is open to defendant the right to apply to the court for a change of venue because "the convenience of witnesses and the ends of justice would be promoted" thereby.

The granting or refusing of an application for an order to change the place of trial from the county in which the action is brought to another county, on the ground of convenience of witnesses, rests largely in the discretion of the trial court to which the application is made, and will not be reversed by this court unless there appears to have been an abuse of discretion. Wilson v. Richards, 28 Minn. 337, 9 N. W. 872; Olivier v. Cunningham, 51 Minn. 232, 53 N. W. 462; Sims v. American Steel Barge Co. 56 Minn. 68, 57 N. W. 322, 45 A. S. R. 451; Murray Cure Institutes Co. v. Ward, 108 Minn. 527, 121 N. W. 878; State ex rel. Nesseth v. District Court, 186 Minn. 513, 243 N. W. 692; Fauler v. C. B. & Q. R. Co. 191 Minn. 637, 253 N. W. 884; State ex rel. Minnesota Nat. Bank v. District Court, 195 Minn. 169, 262 N. W. 155; State ex rel. Tax v. District Court, 185 Minn.

501, 241 N. W. 681; State ex rel. Austin Mut. Ins. Co. v. District Court, 194 Minn. 595, 261 N. W. 701; Eichten v. Central Minnesota C. P. Assn. 221 Minn. 349, 22 N. W. (2d) 218; State ex rel. Ward v. District Court, 200 Minn. 632, 274 N. W. 623;. State ex rel. Kulla v. District Court, 200 Minn. 633, 274 N. W. 673; Badger v. Kishkunas, 203 Minn. 602, 281 N. W. 878; State ex rel. Berg v. District Court, 205 Minn. 407, 286 N. W. 355; Chellico v. Martire, 227 Minn. 74, 34 N. W. (2d) 155; Sander v. Dieseth, 230 Minn. 125, 40 N. W. (2d) 844. While the court is given wide latitude in the use of discretion in such cases, the facts in each case will determine whether the court exercised or abused that discretion.

The accident in the instant case happened in Becker county, and therefore the cause of action arose there. That fact is one of the items to be considered in determining the question before us. Consideration should be given to the fact that should it be necessary for the jury to view the place of collision it could not well be done if the trial were had in Washington county, 224 miles away. State ex rel. Ward v. District Court, *supra;* Badger v. Kishkunas, *supra.*

The witnesses which plaintiff Sharlee refers to in her affidavit are unnamed, except the physician who attended her and the doctors who took X rays. She states that she expects to consult other persons so as to qualify them as witnesses. At present she does not know who they may be. We are inclined to believe, based on her affidavit as a whole, that her estimate of the cost of taking her witnesses to Detroit Lakes is greatly overestimated. The cost of taking her witnesses to Stillwater for the trial, 25 to 30 miles from Minneapolis, will offset to some extent the cost of taking her proposed witnesses to Detroit Lakes. In view of the fact that the accident took place near Detroit Lakes, that numerous witnesses who will be called reside there or in the near vicinity, and that the facts disclosed by plaintiff Sharlee in her affidavit are insufficient to overcome defendant's showing in behalf of his petition for a change of the place of trial from Washington to Becker county, it is our opinion that the court abused its discretion in refusing defendant's application.

Plaintiffs rely on Eichten v. Central Minnesota C. P. Assn. 221 Minn. 349, 22 N. W. (2d) 218. In that case the disability was serious. The controversy centered on the proposition whether the physical condition of a minor plaintiff, three months old at the time of the accident and three years old at the time of the application for change of venue, resulted from the accident or was congenital in its origin. The court said that the disability was serious and the issue highly controversial, which would require medical witnesses of the highest standing. The cost was estimated at $1,000. It is obvious that the situation here is materially different.

Let the writs issue as prayed for.