LaVERN COBLE v. CLARENCE W. LACEY AND OTHERS.
TINA LARSON AND ANOTHER, RESPONDENTS.

101 N. W. (2d) 594.

February 26, 1960—No. 37,772.

*Stringer, Donnelly & Sharood, Richard A. Rohleder,* and *Howard S. Cox,* for appellant.

*I. L. Swanson,* for respondent.

KNUTSON, JUSTICE.

This is an appeal from an order of the district court quashing an execution issued to enforce payment of contribution by one joint tortfeasor against another under M. S. A. 548.19.

The facts essential to a determination of the issues involved in this case are not in dispute. On June 22, 1955, two automobiles collided. One car was being driven by Clarence W. Lacey and the other by Tina Larson. LaVern Coble was a passenger in the Lacey car. Four actions were commenced as a result of this collision. Coble sued Lacey, Tina Larson, and the guardian of her estate. Lacey sued Tina Larson to recover his damages and also sued the guardian of her estate. Tina Larson and her guardian sued Lacey. In these actions, the passenger in the Lacey car sought recovery against the drivers of both cars. The driver of each car sought recovery against the other. The cases were consolidated for trial. The jury returned a verdict in favor of Coble against the drivers. In the actions brought by the drivers of the cars against each other, the jury returned verdicts in favor of each defend-

ant. The result of the verdicts is that the jury found the drivers of both cars guilty of negligence proximately contributing to the collision.

Judgment was entered in favor of Coble against Lacey, Tina Larson, and the guardian of the Larson estate. On July 10, 1958, an execution was issued on this judgment against Lacey alone. The judgment with interest, then amounting to $7,303.62, was paid on behalf of Lacey by Minnesota Farm Bureau Casualty Company, Lacey's insurer. A notice of payment and claim for contribution was filed pursuant to § 548.19.[1] An order for execution against Tina Larson and the guardian of her estate, in the amount of half of the judgment paid by Lacey's insurer, was obtained from the district court. Thereafter, Tina Larson and her guardian moved the court for an order nullifying and staying all proceedings by the sheriff in connection with this execution and for an order directing the clerk of court to quash, cancel, and annul the execution. The motion was supported by an affidavit of the movant's counsel averring that the negligence of Lacey consisted of conscious and intentional illegal acts that would bar a right to contribution and, further, that Lacey is not the real party in interest. The court granted this motion. In its memorandum made part of the order the court assigns as reasons for granting the motion that Lacey's insurer is the real party in interest and that the issue raised, involving a right to contribution, was not determined in the trial of the consolidated actions. This appeal is from said order.

Lacey contends that the issue of the right to contribution between the joint judgment debtors is res judicata by virtue of the trial of the

---

[1]"When a judgment against two or more persons shall be enforced against or paid by one of them, or one of them shall pay more than his proper share as between himself and the other judgment debtors, he may continue the judgment in force for the purpose of compelling contribution; and, if within ten days after such enforcement or payment, he shall file with the clerk a notice of the amount paid by or collected from him in excess of his proper share, and of his claim for contribution, the clerk shall make a note thereof on the margin of the docket. Thereupon the judgment shall remain in effect in favor of the party filing such notice for the amount and against the party in such notice specified."

consolidated actions; that, if that is not true, the proper party to enforce contribution is the judgment debtor and not his insurer; and that the court erred in granting the motion on both grounds.

Tina Larson and her guardian contend that Lacey was guilty of willful negligence or an illegal act that will bar a right to contribution; that this issue has not been litigated nor can it be determined in a proceeding under § 548.19; and, further, that Lacey's insurer, not Lacey, is the real party in interest who must seek contribution.

■ We follow the rule that, where one of two or more joint tortfeasors pays more than his share of a joint liability, he is entitled to contribution from his joint tortfeasors who are guilty of ordinary negligence proximately contributing to the injury.[2] He is barred from such right of contribution if his negligence amounted to an intentional wrong or if he knew or is presumed to have known that he was doing an unlawful act which constituted negligence.[3]

The rule is stated in Fidelity & Cas. Co. v. Christenson, 183 Minn. 182, 186, 236 N. W. 618, 619, 16 Minn. L. Rev. 118, as follows:

"'* * * in negligence cases one seeking contribution from another joint tortfeasor is not barred from recovery by the fact that he was guilty of ordinary negligence in the matter; but if his negligence amounted to an intentional wrong, or if he knew or is presumed to have known that he was doing an unlawful act which constituted the negligence for which he was held liable, then he is not entitled to contribution. In some cases from other courts the language used would indicate that to bar recovery the party seeking contribution must have been guilty of a wilful or conscious wrong or an act evincing moral turpitude. But the terms are generally used disjunctively, meaning one or the other.'"

For a discussion of what is an unlawful act that will bar contribution, see Hardware Mutual Cas. Co. v. Danberry, 234 Minn. 391, 48 N. W. (2d) 567.

---

[2]See, *Contribution and Indemnity Among Tortfeasors in Minnesota,* 37 Minn. L. Rev. 470.

[3]4 Dunnell, Dig. (3 ed.) § 1924; 16 Minn. L. Rev. 73.

■ The right of contribution arises upon payment by one of the joint obligors of more than his share of the obligation.[4]

■ The summary procedure for enforcing contribution provided by § 548.19 is a cumulative remedy.[5] The statute made no change in the substantive law of contribution.[6] Where a defense to contribution is asserted, a joint debtor has a right to have such issue litigated.

In Kemerer v. State Farm Mutual Auto Ins. Co. 201 Minn. 239, 244, 276 N. W. 228, 231, 114 A. L. R. 173, 177, we said:

"* * * The purpose is to enable one or more judgment debtors to obtain contribution by the summary method indicated, without resort to further litigation unless the latter is necessary (ordinarily it will not be) to determine the rights of the debtors among themselves."

In In re Estate of Moebius, 231 Minn. 219, 228, 43 N. W. (2d) 104, 111, we said:

"The cumulative summary remedy by execution to enforce payment of contribution is not one to be exercised without restraint and without regard to the rights of the parties by the judgment codebtor seeking contribution, but on the contrary is one under the control of the district court, as all its process is; and, because that is true, the judgment codebtor against whom the execution is so issued is entitled, as we held in the Ankeny and the Kemerer cases, not only to challenge by injunction his adversary's right to contribution and the amount thereof, but also to have a judicial determination of his liability therefor with full trial and all that is implicit therein. It is unthinkable that the rule could be otherwise. Here, that is precisely what we would sanction if we should sustain the method adopted below for enforcing contribution against the representative, for the plain reasons that the proceedings in the probate court would not be subject to control of the district court (O'Brien v. Larson, 71 Minn. 371, 74 N. W. 148), and by such pro-

---

[4]Merrimac Min. Co. v. Gross, 216 Minn. 244, 12 N. W. (2d) 506.

[5]Kemerer v. State Farm Mutual Auto Ins. Co. 201 Minn. 239, 276 N. W. 228, 114 A. L. R. 173; In re Estate of Moebius, 231 Minn. 219, 43 N. W. (2d) 104.

[6]In re Estate of Moebius, *supra*.

ceedings the representative would be denied all right of an opportunity for judicial determination of the question whether he is *liable at all* for contribution.

"In an action to recover contribution, as we held in Kemerer v. State Farm Mut. Auto Ins. Co. (201 Minn. 244, 276 N. W. 231, 114 A. L. R. 173) *supra,* 'the original cause of action may be examined, unaffected by the judgment, in order to determine the issue between them'—that is, the right to contribution. If it should appear that any judgment debtor was guilty of wilful and intentional violation of law, he would not be entitled to contribution. Kemerer v. State Farm Mut. Auto Ins. Co. 211 Minn. 249, 300 N. W. 793, *supra.* Other questions may arise. See, Wold v. Grozalsky, 277 N. Y. 364, 14 N. E. (2d) 437, 122 A. L. R. 518; 13 Am. Jur., Contribution, § 67. Here, liability was imposed * * * without inquiry into or judicial determination of the questions bearing upon * * * liability. As has been pointed out, he [the joint debtor] has a right to raise such questions and have them judicially determined. This can be done only in an action to recover contribution. These matters are not mere defenses or equitable setoffs. They go to the question of whether there is any right to contribution at all."

█ If the case brought by Coble against both drivers had been tried separately, there would be no question but that the right to contribution would be left undetermined by the trial of that case.[7] Lacey contends that, when the actions brought by the two defendants against each other to recover damages were consolidated for trial with the action brought by the passenger against the drivers of both cars, the drivers of the two cars became aligned as adversaries and thereafter the issue of liability inter se was res judicata by virtue of the determination of the liability of each to the other. Lacey contends that all issues which were tried or might have been tried in this consolidated action are res judicata as between the defendants.

---

[7]Bunge v. Yager, 236 Minn. 245, 52 N. W. (2d) 446, 36 Minn. L. Rev. 983.

The fallacy of this reasoning lies in the assumption that the issues raised by the several actions consolidated for trial became merged and that as a result the right to contribution was tried or could have been tried in the consolidated actions under the pleadings in these cases. Where two or more actions are consolidated for trial, the issues raised are not merged, but each action retains its independent status.[8] The only issue involved in the combined trials was whether either or both of the defendants were guilty of ordinary negligence proximately contributing to the collision. The jury found in the action brought by the passenger against both drivers, as well as in the actions brought by each driver against the other, that they were both guilty of ordinary negligence proximately contributing toward the collision. That is as far as that trial went.

■ Under Rule 13.07 of Rules of Civil Procedure, either of the defendants in the action brought by Coble could have interposed the issue of contribution by a cross-claim against the other if he had chosen to do so. Such cross-claim is not compulsory.[9] Failure to interpose such issue by cross-claim or to raise it by other proceedings, in which the parties became adversaries on that issue left it undetermined.

Lacey relies to some extent upon the language found in Bunge v. Yager, 236 Minn. 245, 254, 52 N. W. (2d) 446, 451, where we said:

"Since territorial days we have had a statute (R. S. 1851, c. 70, § 159, now M. S. A. 548.02) which provides that when justice demands it the court may determine the ultimate rights of the parties on each side of a suit as between themselves. Under M. S. A. 540.16 (amended by L. 1947, c. 152, § 1), additional parties may now be brought into an action in order that a multiplicity of suits may be avoided. One who may become liable for contribution or indemnity may be brought in under this statutory provision. Gustafson v. Johnson, 235 Minn. 358, 51 N. W. (2d) 108. Our new rules of civil procedure permit the litigation of the rights and liabilities of co-parties *inter*

---

[8]Ramswick v. Messerer, 200 Minn. 299, 274 N. W. 179; Simon v. Carroll, 241 Minn. 211, 62 N. W. (2d) 822.

[9]See, 1 Youngquist & Blacik, Minnesota Rules Practice, p. 448.

*se* by the use of cross-claims. Rule 13.07. The rights of co-parties against each other may also be litigated by consent. *Here, the two actions might have been consolidated for trial, as is frequently done. Where action is taken in any of these manners so that the co-parties become adversaries in the trial, the determination of their rights and liabilities inter se become res judicata and may not be relitigated.* Our statutes, as well as our new rules, simply provide a method whereby the rights and liabilities of co-parties may be litigated in an action in which they are aligned on the same side of the litigation, thereby preventing a multiplicity of suits. But where action is not taken to bring co-parties into an adversary relationship, their rights and liabilities as against each other are not determined, nor is the determination of their liability to a third party a bar to a subsequent action by one of the codefendants against the other to recover damages which he may have suffered as a result of the same tort." (Italics supplied.)

Lacey argues that under the italicized portion of the above quotation, where cases are consolidated for trial as they are here, the parties become adversaries not only as to the issue of ordinary negligence but as to their right to contribution. Bunge v. Yager, *supra,* did not involve an action to recover contribution. The facts in that case were somewhat similar to those involved in the case now before us. One Dose suffered personal injuries while riding as a passenger with Yager when Yager's automobile collided with the automobile driven by Bunge. Dose sued Yager and Bunge and recovered a verdict against both defendants. Thereafter Bunge instituted suit against Yager to recover damages which he allegedly suffered as a result of the same collision. In an amended answer, Yager set up as one of his defenses the judgment rendered in the Dose case as a bar to the action brought by Bunge against him. We held that they were not adversaries in the Dose action and that the verdict in that action was no bar to the subsequent action brought by Bunge against Yager.

The Bunge case did not involve the right to contribution and the decision is only coextensive with the facts upon which it is based. Applying what we said in the Bunge case with respect to the consolidation

of cases, the trial here finally determined the issue of liability of the drivers of the two cars to the passenger and also the right of each driver to recover from the other for his damages. The consolidation of these actions did not raise the issue of the right of the driver to contribution from the other where he pays more than his share of the joint liability to the passenger. This issue was not raised by the pleadings and was not tried by consent, nor was it submitted to the jury. The trial court's memorandum, made a part of its order, is clear on this point. It is not enough to say that the issue could have been tried if it had been raised. The answer to that contention is that it could have been tried if Lacey had availed himself of the right to cross-claim, as he could have done under Rule 13.07. Since he did not do so, it remains open for determination, and that issue is not res judicata by virtue of the trial of the issue of ordinary negligence of the two drivers involved. To hold with Lacey on this issue would, in effect, make it compulsory to litigate the issue of right to contribution. If we so held, a litigant who did not cross-claim would be worse off than one who did since the defense to contribution would be barred without ever having been litigated if there were no cross-claim, whereas it would be put in issue and litigated if there were a cross-claim. That can hardly be the law.

■ Lacey next contends that the trial court erred in holding that his insurer, having paid the whole of the judgment, was the real party in interest in seeking contribution.

Rule 17.01 of Rules of Civil Procedure, as far as material, reads:

"Every action shall be prosecuted in the name of the real party in interest; * * *."

Lacey contends that a proceeding under § 548.19 is not an action within the meaning of this rule and, therefore, that the rule has no application to such proceeding. Having already determined that where one of two joint obligors claims to have a defense against the other's claim for contribution he has a right to have the issue determined by litigation, we need not determine whether the insured or the insurer is the proper party to proceed under the statute. It appears to us that the

statute can be used only in those cases where there is no claim of a defense to contribution. In so far as the issue involves the question of who must bring the action for contribution when a defense is interposed thereto, the question has already been decided in Blair v. Espeland, 231 Minn. 444, 446, 43 N. W. (2d) 274, 276, where we said:

"If the loss of an insured is fully covered by insurance and the insurer has compensated insured for the loss, the insurer is subrogated to any rights insured may have had against a third party because of the loss. In such case, the insurer is the real party in interest and must bring suit in its own name under the real-party-in-interest statute.[10] * * *

"If insured retains some interest in the cause of action, the suit may be brought in his name. * * * Since no portion of the contribution which insured is attempting to recover in the instant case will be retained for his benefit, his insurer is the real party in interest, and the action must be brought in its name, * * *."

What we said there applies here. The insurer paid the entire amount of the judgment, and the insured no longer has any interest in any recovery by way of contribution that might be obtained; hence the insurer is the real party in interest.

Affirmed.

MR. CHIEF JUSTICE DELL took no part in the consideration or decision of this case.

---

[10]The former statutes, §§ 540.02 and 540.04, superseded by Rule 17.01, were substantially the same as the rule.