# PATRICK McGANNON v. CHICAGO & NORTH WESTERN RAILWAY COMPANY AND ANOTHER.[1]

June 27, 1924.

No. 24,098.

**Complaint bad for misjoinder of causes and parties.**
> A complaint against two defendants, alleging that their negligence caused an injury to plaintiff, is bad as against a demurrer for misjoinder of causes, where it appears upon the face of the pleading that the acts of negligence were separate torts, not concurrent in point of time or effect.

Action in the district court for Waseca county to recover $2,800. Separate demurrers to the complaint were sustained by Childress, J. From an order, Senn, J., sustaining defendants' demurrers to the complaint after rehearing, plaintiff appealed. Affirmed.

*Henry M. Gallagher*, for appellant.

*Brown, Somsen & Sawyer* and *Moonan & Moonan*, for respondents.

QUINN, J.

Appeal by the plaintiff from an order sustaining a demurrer interposed by each of the defendants upon the grounds that several causes of action are improperly joined and that it appears upon the face of the complaint that there is an improper joinder of parties defendant.

The defendant railway company is the owner of a line of railroad extending west from Winona through Waseca to Tracy in this state. The defendant Davis, as agent of the President, operated the road from January 1, 1918, to March 1, 1920. The railway company then took control and operated it. Plaintiff was employed by the director general as sand-house man at Waseca until March 1, 1920, when the railway company took control, and thereafter he remained in its employ until October 1, 1920.

[1]Reported in 199 N. W. 894.

It is alleged in the complaint that between January 1, 1918, and October 1, 1920, plaintiff was employed by the defendant in the capacity of a sand-house man; that a part of his duty consisted in attending to the machinery and appliances used in preparing and drying sand for use by the railway company on its locomotives and tracks; that the green sand was kept in a building within about 20 feet from the building where there is a large drier in which sand was heated and dried; that the drier was connected by a large pipe leading to an elevated tank known as the sand tank; that the sand, in the process of drying, was blown and carried from the drier through such pipe into the sand tank; that it was the duty of plaintiff to wheel the sand from the building where the green sand was kept, through an open space of about 20 feet, dump the same into the drier and look after its operation; that, while so employed, the pipe leading from the drier to the sand tank became worn and out of repair so that fine sand and the fumes therefrom escaped from the pipe and filled the atmosphere with a sand steam which plaintiff was compelled to inhale to such an extent as to seriously affect his lungs and entire system, obliging him to discontinue his work about the first of October, 1920.

It appears from the pleading, as we read it, that the defendant railway company had nothing to do with plaintiff's employment until it assumed operation of the system in March, 1920. Plaintiff had then been in the employ of the director general in the same capacity for 26 months. It is manifest that the acts of the defendants concur neither in time nor in effect. Neither was in any way responsible for the acts of the other. The interest and control of the director general ceased entirely when the road was turned over to the company in March. The railway company could not be liable for negligence in the operation of the system during that time any more than could the director general be held for acts occurring subsequently while the company was in control. Causes of action for separate torts of different persons not acting in concert or by unity of design cannot be joined. 1 C. J. 1103. In each of the cases cited by appellant, viz., Mayberry v. North. Pac. Ry. Co. 100 Minn. 79, 110 N. W. 356, 12 L. R. A. (N. S.) 675, 10 Ann. Cas. 754; Fortmeyer v. Nat.

Biscuit Co. 116 Minn. 158, 133 N. W. 461, 37 L. R. A. (N. S.) 569, and Doyle v. St. Paul Union Depot Co. 134 Minn. 461, 159 N. W. 1081, there was but one injury and the negligence complained of was concurrent.

Not so in the case at bar. If the plaintiff sustained injury through negligence while in the employ of the director general, there would be a liability for the injury resulting from his acts, but for such injury the railway company would not be liable. If the plaintiff's health was impaired through the negligence of his former employer and he subsequently sustained further injury through the negligent acts of the railway company, thus aggravating his former injury, the company would be liable to the extent that its acts aggravated the plaintiff's condition, but the former employer would not be liable for such aggravation. Purcell v. St. Paul City Ry. Co. 48 Minn. 134, 50 N. W. 1034, 16 L. R. A. 203; Watson v. Rinderknecht, 82 Minn. 235, 84 N. W. 798.

Two or more consistent causes of action may be united in one pleading, where they arise out of the same transaction or transactions, connected with the same subject of action, or where they are for injuries to either person or property or both, and affect all parties to the action. G. S. 1913, § 7780. If the plaintiff has a cause of action against the director general, it arises out of acts occurring prior to March 1, 1920. If he has a cause of action against the railway company, it arises out of acts occurring subsequent to that time. The acts were not concurrent either in point of time or in result. There is a clear misjoinder.

Affirmed.