### STATE v. JAMES LAUGHLIN.[1]

January 17, 1939.

No. 32,036.

[1]Reported in 283 N. W. 395.

*William E. G. Watson* and *Ernest F. Jacobson,* for petitioner.

*R. S. Wiggin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the State.

LORING, JUSTICE.

A writ of prohibition issued to restrain the municipal court of the city of Minneapolis and William A. Anderson, judge of that court, from further proceeding in the trial of a charge against James Laughlin for criminal contempt under 2 Mason Minn. St. 1927, § 10042(7), for the publication of a "false or grossly inaccurate report" of proceedings in the municipal court of Minneapolis in which Judge Anderson presided. The case is before us on an order to show cause why the writ should not be made absolute.

It appears that on December 10, 1938, Laughlin wrote a number of letters to people in Minneapolis criticizing Judge Anderson in regard to a number of proceedings in his court. December 28, 1938, one J. T. Dixon filed an affidavit with the clerk of the municipal court which may be considered as a criminal complaint attempting to charge an offense under 2 Mason Minn. St. 1927, § 10042(7). Upon this affidavit or complaint a warrant was issued and Laughlin was arrested. When the case came up for trial it was assigned to Judge Anderson, against whom the defendant filed an affidavit of prejudice. Judge Anderson proceeded to try the case until restrained by order of this court.

The first question presented is whether or not a writ of prohibition is the defendant's proper remedy. The offense attempted to be charged is a misdemeanor committed in the city of Minneapolis, over which the municipal court of Minneapolis has jurisdiction. That court also had jurisdiction of the person of the defendant. It is the contention of the defendant that the complaint does not charge a public offense in that the statements in the letter complained of related to proceedings in Judge Anderson's court which had been tried, determined, and finally disposed of and were subject to comment and criticism. In effect, Laughlin contends that

§ 10042(7) is constitutional only so far as it relates to pending proceedings and that as to past proceedings which have been finally determined it is unconstitutional, and that consequently the affidavit or complaint does not state a public offense. Whether or not the defendant's contention is well founded we need not here decide, but the trial court should bear in mind the fourteenth amendment to the constitution of the United States as construed by the Supreme Court of the United States in a series of cases from Gitlow v. People of New York, 268 U. S. 652, 45 S. Ct. 625, 69 L. ed. 1138, to Lovell v. City of Griffin, 303 U. S. 444, 58 S. Ct. 666, 82 L. ed. 949. Other cases in the series are Fiske v. Kansas, 274 U. S. 380, 47 S. Ct. 655, 71 L. ed. 1108; Stromberg v. California, 283 U. S. 359, 51 S. Ct. 532, 75 L. ed. 1117, 73 A. L. R. 1484; Near v. Minnesota ex rel. Olson, 283 U. S. 697, 51 S. Ct. 625, 75 L. ed. 1357; Grosjean v. American Press Co. Inc. 297 U. S. 233, 56 S. Ct. 444, 80 L. ed. 660; and Herndon v. Lowry, 301 U. S. 242, 57 S. Ct. 732, 81 L. ed. 1066. See also State Board of Law Examiners v. Hart, 104 Minn. 88, 116 N. W. 212, 17 L.R.A.(N.S.) 585, 15 Ann. Cas. 197; State ex rel. Attorney General v. Circuit Court, 97 Wis. 1, 72 N. W. 193, 38 L. R. A. 554, 65 A. S. R. 90.

A writ of prohibition issues to prevent an inferior tribunal from usurping jurisdiction. We find no such usurpation here. The municipal court of Minneapolis had jurisdiction of the offense at-, tempted to be charged and of the person of the defendant. It was the duty of that court to determine whether or not the complaint charged a public offense. That question was wholly within its jurisdiction, and if it erred in such determination its decision could be reviewed by writ of *certiorari* if not by appeal. Defendant has no right to a writ of prohibition simply because the complaint under which he is being tried does not in his estimation or in law charge a public offense or because he claims that his action in writing the letter complained of comes within the protection of the fourteenth amendment. If the court had jurisdiction of his person and of the offense attempted to be charged, it had jurisdiction to determine whether an offense was charged, and defendant may not by writ of prohibition review the court's action in determining whether or not

an offense is charged. He may not do this any more than any other defendant in a criminal case could obtain such a writ to review the trial court's action where he contends that the indictment, information, or complaint does not state an offense. To grant a writ of prohibition in the case at bar would, in effect, prohibit the trial court from determining a question of which it has jurisdiction.

The case of State Board of Law Examiners v. Hart, 104 Minn. 88, 116 N. W. 212, 17 L.R.A.(N.S.) 585, 15 Ann. Cas. 197, did not involve a writ of prohibition but was a proceeding to disbar Hart for violation of his official oath and for disrespect of the court.

State ex rel. Attorney General v. Circuit Court, 97 Wis. 1, 72 N. W. 193, 38 L. R. A. 554, 65 A. S. R. 90, is another case much relied upon by the defendant. That case, however, arose out of a summary proceeding to punish for contempt and not a prosecution under a statute making the conduct complained of a misdemeanor. While Wisconsin had a statute defining contempt [Rev. St. 1878, § 2565], the sixth subdivision of which is much like our § 10042(7), there was no allegation in the charge of contempt that the references to the proceedings in court were in any respect false or inaccurate. It was there held that the attempt to punish the publication in question as contempt was in excess of the jurisdiction of the circuit court and a writ of prohibition was granted, whereas in the case at bar the proceeding has or ought to have taken the ordinary course of charges alleging or attempting to allege a misdemeanor, of which the municipal court has jurisdiction.

An affidavit of prejudice was filed against Judge Anderson, but we need not here determine whether or not the district court practice in such cases is controlling upon the municipal court of Minneapolis. That question is not properly before us. Judicial propriety, however, should have dictated that upon the filing of such an affidavit or without it, in a case of this character, another judge should have been called in to try the case. Respect for the courts is grounded wholly upon confidence in their fairness and impartiality. Wherever practicable trials should be conducted by or before judges in whom all parties to the proceedings may confidently feel that they will get even-handed justice. In a case of this character, where

the judge to whom the case was assigned was the target of the alleged contemptuous publication which attacked his impartiality and impugned his judicial motives, it could hardly be expected that the defendant would feel that he would have a fair, impartial trial. Such situations must be avoided if the courts are to retain their present high standing in the public regard.

The restraining order is vacated and the writ quashed.

