STATE EX REL. EUGENE STENSTROM AND ANOTHER v.
BYRON R. WILSON.[1]

June 8, 1951.

No. 35,602.

*Dell, Rosengren & Rufer,* for relators.
*Field, Field & Arvesen,* for respondent.

PER CURIAM.

During the month of March 1950, Carl Lyngstad, by his guardian, commenced an action against relators herein for damages for personal injuries alleged to have been sustained when he was struck by an automobile owned by relator Clifford Stenstrom and driven by relator Eugene Stenstrom. The case was on the November 1950 general term calendar and was continued over the term without opposition, on motion of defendants, on the ground that Eugene Stenstrom was in the armed services and unable to be present at the trial. The case was again called for trial at the April 1951 general term of court, and defendants again moved for a continuance on the ground that Eugene Stenstrom was still in the service. The motion was based on the Soldiers' and Sailors' Civil Relief Act of 1940, 50 USCA Appendix, § 521. Affidavits were submitted by both parties, and it appears therefrom that plaintiff is 65 years of age and in poor health. Plaintiff contends that it will materially prejudice his case to further delay the trial over another term. Defendants contend that it is essential that Eugene Stenstrom be present at the trial. His deposition has now been taken. An effort was made to procure his release on a temporary leave so that he could attend the trial, but he was denied a leave and was promised that he could return sometime during the month of June.

[1]Reported in 48 N. W. (2d) 513.

On May 4, 1951, the trial judge wrote counsel for the respective parties a letter informing them that the case, subject to defendants' motion for a continuance, would stand for trial on May 28, 1951, at 2 p. m. On May 14, the trial court issued a formal order setting the motion for continuance for hearing on May 28 at 10 a. m. and setting the case for trial at 2 p. m. on the same day, subject to the motion. In the same order, the jury was recalled for May 28 at 2 p. m. On May 18, after receiving letters from counsel for both parties, the trial judge again wrote counsel for defendants, a copy of which was sent to opposing counsel, informing them that he would rule on the motion for continuance by noon of May 28 and that if the motion was denied the case would be called for trial at two o'clock of the same day.

In addition to Eugene Stenstrom, one of defendants' witnesses is now resident in Louisiana and another in Montana. Efforts were made by defendants to have the court pass on the motion for a continuance in advance of the trial, but to no avail.

We issued our order to show cause why a writ of prohibition should not issue prohibiting the trial court from proceeding under its order of May 14 and temporarily stayed further proceedings until said matter could be heard.

50 USCA Appendix, § 521, provides in part as follows:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter * * * shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

The 1918 and 1940 Soldiers' and Sailors' Civil Relief Acts are substantially the same. In Taylor v. McGregor State Bank, 144 Minn. 249, 251, 174 N. W. 893, 894, we held that the 1918 act was applicable to federal and state courts alike, and said:

"* * * It provides generally for restraining judicial proceedings against those in the service, to the prejudice of their rights, and is expressly made applicable to all Federal and state courts and to actions and proceedings commenced therein; that actions and proceedings so commenced during the period of military service may and in particular instances shall be stayed by order of the court to the extent necessary to protect the rights of the parties, including the stay of executions, attachments and garnishments issued during the military service."

While the act does not arbitrarily stay all trials, it should be liberally construed so as to protect the civil rights of those serving in our armed forces during the tenure of their service. The court is vested with discretionary power to determine whether the ability of Eugene Stenstrom to conduct his defense will be materially affected by his absence. This discretion, however, is one that should be exercised cautiously, with the object in mind of giving effect to the obvious purpose of the act, which is to protect the civil rights of a person who, on account of his service in the armed forces, cannot be present at a trial or proceeding.

The rules governing the issuance of a writ of prohibition are stated in State ex rel. United Elec. R. & M. Workers v. Enersen, 230 Minn. 427, 42 N. W. (2d) 25. The writ may issue as well to restrain the court from exceeding its legitimate powers in a matter over which it has jurisdiction as to restrain it from proceeding in a matter over which it has no jurisdiction. It may lie to prevent an abuse of discretion where there is no other adequate remedy at law. 42 Am. Jur., Prohibition, § 26; McNair's Petition, 324 Pa. 48, 187 A. 498, 106 A. L. R. 1373. See, also, High, Extraordinary Legal Remedies (2 ed.) p. 604.

· Under the circumstances appearing in this case, it was a clear abuse of discretion to refuse to decide the motion for continuance prior to the date of trial. It was impossible to have Eugene Stenstrom present on May 28. It appeared that he could be present in June. Defendants were confronted with the necessity of having other witnesses present, which they must summon from Louisiana and Montana, not knowing whether the case would be tried or not. If the motion for continuance were granted, the witnesses would not be needed. Defendants could not, however, afford to take a chance on not having them present for fear of being confronted with a denial of their motion for a continuance. In any event, it appears that Eugene Stenstrom's presence was of such vital importance that it was an abuse of discretion to refuse to set the case for trial in June, when he could be present.

The issues involved in this matter have now become moot. There is now nothing to restrain. We will not issue a writ of prohibition under these circumstances, but there should be no difficulty now in setting the case for trial at a time when Eugene Stenstrom can be present, if the court denies the motion for a continuance.

In view of the fact that the application for a writ was justifiable when made, no costs or disbursements will be allowed to either party. See, Nemo v. Hotel & Restaurant Employees' Local No. 556, 227 Minn. 263, 273, 35 N. W. (2d) 337, 811.

The order to show cause is discharged.