STATE EX REL. EMIL P. HIERL v. DISTRICT COURT,
DOUGLAS COUNTY, AND ANOTHER.[1]

June 13, 1952.

No. 35,826.

*Swore & Wallace,* for Emil P. Hierl, relator.

*Dell, Rosengren & Rufer* and *Swanson Brothers,* for Homer C. McClure,
respondent.

PER CURIAM.

Writ of prohibition commanding the district court of Douglas county
and the Honorable Rol E. Barron, judge thereof, to refrain from proceeding
to trial in the case of *Homer C. McClure v. Emil P. Hierl,* in which relator
is defendant, until this court has determined an appeal now pending in the
case of *Emil P. Hierl v. Homer C. McClure,* in which relator is plaintiff.

The actions arose out of an automobile accident. Hierl first brought suit
against McClure for negligence as a result thereof. McClure interposed
an answer therein but chose not to file a counterclaim, instead instituting
a separate action for negligence against Hierl.

The cases were reached for trial at the October 1951 general term of
court in Douglas county. At the call of the calendar, McClure moved that
the actions be consolidated, and an oral order to such effect was thereupon
made. Thereafter proceedings were had in the court's chambers to deter-
mine which party was to proceed as plaintiff. There, both counsel for
relator and the presiding judge referred to the actions as having been con-
solidated for the purpose of trial only. During the course of the trial the
actions were treated by the parties and by the court as separate and dis-
tinct. The parties were referred to by name rather than as plaintiff and
defendant, and the jury was instructed that the cases were to be treated as
individual actions. In the return of respondent in these proceedings, it is

[1]Reported in 54 N. W. (2d) 5.

certified that "There was a consolidation of trials but not a consolidation of actions."

At the close of the trial, relator made separate motions in each action, which were considered and disposed of separately. Separate verdicts were submitted to the jury. In McClure v. Hierl, an itemized verdict in favor of McClure in the sum of $1,350 was returned. It did not include general damages. In Hierl v. McClure, the jury returned a verdict in favor of McClure in the same amount, although no counterclaim had been filed therein.

Subsequent to the verdicts, Hierl moved for judgment notwithstanding the verdict or for a new trial in McClure v. Hierl, and for a new trial in Hierl v. McClure. In McClure v. Hierl, because of the failure of the jury to include general damages in its verdict, McClure moved for a new trial on the issue of damages only. In Hierl v. McClure, the court made an order denying the motion for a new trial. In McClure v. Hierl, the court made an order granting a new trial on all issues rather than on the issue of damages only.

In Hierl v. McClure, Hierl appealed to this court from the order denying his motion for a new trial. This appeal is now pending here. In the meantime, McClure v. Hierl was placed on the March 1952 general term calendar for trial. Hierl promptly moved for its continuance pending the outcome of his appeal to avoid a multiplicity of actions and on the ground that he should not be compelled to proceed as a defendant when he had first instituted the actions and would normally appear as plaintiff had his own action been tried in its proper order on the calendar. The motion for continuance was denied, and Hierl thereupon applied for a writ of prohibition here.

On April 2, 1952, this court issued its alternative writ of prohibition directing the district court (1) to refrain from further proceedings in the case of McClure v. Hierl until this court has determined the appeal in the case of Hierl v. McClure or until further order of this court, or to show cause before this court at a special term thereof why it had not done so; and (2) to make return to the writ with certificate thereon. A certified return was subsequently filed.

1. Ordinarily a writ of prohibition will not issue unless the trial court is about to exceed its jurisdiction. State ex rel. United Elec. R. & M. Workers v. Enersen, 230 Minn. 427, 42 N. W. (2d) 25; State ex rel. Laurisch v. Johnson, 216 Minn. 219, 12 N. W. (2d) 343; State v. Laughlin, 204 Minn. 291, 283 N. W. 395. However, we have recently held that the writ may issue to restrain the court from abusing a discretionary power in a matter over which it does have jurisdiction where there is no other adequate remedy at law. State ex rel. Stenstrom v. Wilson, 234 Minn. 570,

458

48 N. W. (2d) 513; State ex rel. Claude v. District Court, 204 Minn. 415, 283 N. W. 738; 42 Am. Jur., Prohibition, § 26; McNair's Petition, 324 Pa. 48, 187 A. 498, 106 A. L. R. 1373.

2. In the instant case, it cannot be disputed that the trial court had jurisdiction in the case of McClure v. Hierl. The facts as outlined make it clear that the two cases were consolidated for trial only, and that otherwise each retained its separate identity. Anderson v. Connecticut F. Ins. Co. 231 Minn. 469, 43 N. W. (2d) 807; Chellico v. Martire, 227 Minn. 74, 34 N. W. (2d) 155; Ramswick v. Messerer, 200 Minn. 299, 274 N. W. 179; 1 C. J. S., Actions, § 107. It would follow, therefore, that the appeal in Hierl v. McClure did not in any way affect the trial court's jurisdiction in McClure v. Hierl. Accordingly, our function in the present proceedings is limited to determining whether the trial court abused its discretion in denying the motion for continuance in McClure v. Hierl.

3. In the interest of justice and to avoid a multiplicity of actions, it would seem that the motion for continuance should have been granted. McClure would not have been prejudiced thereby, and, in the event Hierl should prevail here, the cases could again be consolidated for trial and the parties could occupy the same positions they did in the former trial. The present trend is to follow procedures which will simplify litigation and avoid a multiplicity of suits, particularly where actions arise out of one occurrence, accident, or transaction, and to dispose of all questions, both of law and fact, in one suit for such purpose. Rule 13.01. The refusal to grant the motion for continuance here can only lead to the opposite result.

Let the writ of prohibition be made absolute commanding the district court for the seventh judicial district and the Honorable Rol E. Barron, judge thereof, to refrain from any further proceedings in the case of Homer C. McClure v. Emil P. Hierl until this court has determined the appeal in the case of Emil P. Hierl v. Homer C. McClure now pending on appeal here.

Relator is allowed to tax his costs and disbursements against respondent McClure only.

So ordered.