NORA B. WEIDEL, FORMERLY PLUMMER, v.
MUREL J. PLUMMER.[1]

January 21, 1955.

No. 36,579.

*Norman H. Nelson,* for relator.

*Stiening, Olson & Thysell,* for respondent.

[1]Reported in 68 N. W. (2d) 245.

DELL, CHIEF JUSTICE.

This is an application to have a writ of prohibition issued out of this court made absolute.

In an action pending in the district court of Clay county in which relator, Nora Weidel, was plaintiff and Murel J. Plummer was defendant, judgment was entered on July 17, 1954, granting plaintiff an absolute divorce from the defendant and awarding to her the custody of the five minor children of the parties. On December 8 the Honorable Byron R. Wilson, one of the judges of said court, issued an order to show cause returnable before him on December 17 requiring the plaintiff, among other things, to show cause why the judgment should not be amended so as to change the custody of said children from the plaintiff to the defendant. At the appointed time the parties and their attorneys appeared in response to the order to show cause, and we were advised in an affidavit of Norman H. Nelson, attorney for the relator, filed with us in support of an application for a writ of prohibition, that the court, without taking any testimony and without reading or considering plaintiff's affidavits submitted in opposition to the application for a change of custody of said children, instructed defendant's attorney to prepare an order placing the custody of three of said children, namely: Elaine, Alvin, and Hazel, with the defendant, and further that the court intended to amend the provisions of the original judgment so as to change the custody of said children from the plaintiff to the defendant without a hearing or the right of cross-examination by the plaintiff and without a record being made in which a review could effectively be had on appeal. And it having been represented to us that the court was exceeding its jurisdiction and abusing its discretion, our writ of prohibition issued directing it to desist and refrain from changing the custody of said children prior to a final determination and to show cause before us why the writ should not be made absolute.

From the record now before us the following appears: After the divorce was granted plaintiff remarried in violation of M. S. A. 517.03. Her husband is Emil Weidel. They live in Fargo, North

Dakota. From August 24 until November 12, 1954, the five children of the parties lived with the defendant at Dilworth, Minnesota. On November 12 the plaintiff took the three youngest children to Fargo, North Dakota, to live with her and her husband in their home there. The circumstances under which the children were left with the defendant on August 24 and remained with him until November 12 are in dispute. From the showing before the trial court on December 17 made by the defendant, it appears that it was the claim of the defendant that plaintiff and Emil Weidel carried on an "affair" prior to the divorce and that Weidel was living with the plaintiff in the home of the parties at Dilworth, Minnesota, in the presence of the children; that after the divorce and in the month of August plaintiff contacted the defendant and informed him that she could no longer take care of the children and "that she didn't want them any more"; that she asked the defendant to take the children and care for them and this he agreed to do; that he thereupon moved into the home of the parties at Dilworth and cared for and supported all five of the children; that on November 21 plaintiff, without advising the defendant, came to the home in Dilworth and took the three youngest children to Fargo where they are living with the plaintiff, her husband, and a son by a former marriage in a three-room apartment. The affidavits of the two older children and that of defendant's mother support this showing in several respects.

On the other hand, from the showing of the plaintiff, it was her claim that Emil Weidel boarded with her and said minor children at Dilworth in order to help defray some of the expense of maintaining the home; that due to financial reasons she and the defendant agreed that the defendant should care for the children at their home in Dilworth, that plaintiff should seek employment, and that having found it, she should assume the responsibility of supporting and raising the three youngest children; that this accounts for the care of the five children by the defendant at Dilworth from August until November; and that plaintiff, having found work, took the three youngest children with her to Fargo with the knowledge of the defendant and without complaint by him.

From the return of the district court in response to our order it appears: The original divorce action was heard and findings made by the Honorable E. J. Ruegemer, one of the judges of said court. At that time, while the defendant was represented by counsel, no evidence was offered in his behalf. There is a court rule of the seventh judicial district relative to hearing motions subsequent to the divorce by the judge who granted the divorce in order to avoid duplication of effort, but whether the rule is to be followed is optional with the judges, and it is not followed when to do so will involve unnecessary expense or delay. On December 8, when the order to show cause was issued at Moorhead, Judge Wilson did so without being advised that the divorce action had been heard by Judge Ruegemer who was then holding court at St. Cloud. Upon the return day the court remarked to counsel for the parties that the matter was one which should be referred to Judge Ruegemer, but no request for a reference was made, and it was apparent that neither counsel desired that to be done. The court inquired of counsel if the matter was one which would require a record and he was advised by both that none was necessary. Defendant's counsel read his affidavits in support of the motion, and plaintiff's counsel, after making a statement to the court as to the contents of his affidavits, handed them to the court stating that he did not wish to read them. It was then suggested by counsel that the Clay county welfare board make an investigation of the homes involved and report back to the court, which suggestion was accepted by it. Pending the investigation counsel were advised that the children should be returned to the home of the parties at Dilworth within the jurisdiction of the court and from whence they had been taken. No order to that effect was signed although at the time of the hearing counsel for defendant was instructed to prepare an order to that effect and submit it to the court for approval.

We are further advised by the court's return that it has reached no final conclusion as to the merits of said matter; that it has received no report from the welfare office; that it has not dispensed with the taking of oral testimony, notwithstanding that no request

for permission to submit oral testimony was made; that it is the intention of the court to set an adjourned date and proceed with the disposition of said matter with the court reporter present; and that the court is willing to refer the entire matter to Judge Ruegemer if either party so desires. The affidavit of Vance N. Thysell, attorney for the defendant, submitted as a part of the court's return, substantiates the return of the court.

The writ of prohibition may issue to prevent a court from exceeding its jurisdiction. It may also lie to prevent a court from abusing its discretion where there is no other adequate remedy at law.[2] The writ of prohibition is not a writ of right but issues in the court's discretion only in extreme cases where no other adequate remedy by motion, trial, appeal, certiorari, or otherwise is afforded. It must be used with great caution and forbearance to further justice and secure order and regularity in the state's inferior courts and subordinate tribunals.[3]

Under the record before us it is clear that it was within the discretion of the trial court to determine with which parent the children should temporarily reside pending the final determination of the custody issue. It is equally clear on the record here that we are not justified in saying that the court either exceeded its jurisdiction, abused its discretion, or is about to do so. No costs or disbursements shall be taxed against either party.

For the reasons stated the writ of prohibition is discharged.

[2]State ex rel. Stenstrom v. Wilson, 234 Minn. 570, 48 N. W. (2d) 513; 42 Am. Jur., Prohibition, § 26; McNair's Petition, 324 Pa. 48, 187 A. 498, 106 A. L. R. 1373; see, also, High, Extraordinary Legal Remedies (3 ed.) § 781.

[3]See, Craigmile v. Sorenson, 241 Minn. 222, 62 N. W. (2d) 846; 15 Dunnell, Dig. (3 ed.) § 7840.