Martin M. Frank, J.
This is a motion to consolidate two pending actions pursuant to section 96 of the Civil Practice Act, or in the alternative for a joint trial pursuant to section 96-a of the Civil Practice Act. Robert I. Gamble is the sole plaintiff in both. In the action arbitrarily designated as No. 1, *348 it is alleged that he received personal injuries through the negligence of the defendants named therein on September 5, 1951. In the second, he alleges that on June 28, 1952, he was injured by reason of the negligence of the defendant named in that cause.
Consolidation is thus sought of two separate actions brought by the same plaintiff against two separate defendants involving two independent accidents occurring some nine months apart. In both causes, the plaintiff alleges he received serious and extensive injuries to the cervical spine and to the lumbar sacral area.
The plaintiff in his application for the relief sought urges that injustice may result at each separate trial, in that the defense may attempt to establish that the plaintiff’s injuries resulted from the accident in the cause not then being tried.
The defendants contend that they may be prejudiced by a joint trial both as to the question of liability and apportionment of damages, if any.
Complete consolidation cannot be granted under section 96 of the Civil Practice Act. As we view it, the requirement under that section is for a fusion of the pleadings and the issues as well as the parties. Our learned colleague, Mr. Justice Matthew M. Levy, called it “ organic consolidation — a joinder for all purposes of the litigation ” (Vidal v. Sheffield Farms Co., 208 Misc. 438, 440). Here the issues are not precisely the same and do not arise out of the same occurrence.
Nor can a joint trial be ordered pursuant to section 96-a of the Civil Practice Act, for it provides that “ The court may order that two or more actions * * * growing out of the same set of facts be tried or heard together, without consolidation, whenever it can be done without prejudice to a substantial right.”
Here there are two accidents separated in time and place. While there may be an interlocking or joint question as to the extent of the injuries attributable to each, the liability problem in each accident is unique and separate (see Miller v. Lewis, 77 N. Y. S. 2d 285).
In a jury trial, the essential distinctions in the actions might not be clearly maintained. We cannot sacrifice the need for an unprejudiced appraisal of the rights of each of the parties to expediency or convenience. Were the actions non jury, the motion would be granted. On issues to be determined by a jury, it must be denied (see Kutnerian v. Sagui, 285 App. Div. 1134).