Matthew M. Levy, J.
Max Talmason claimed that on August 17, 1955, while he was a passenger on a bus, he was the victim of an assault and battery committed by the bus driver. Suit was instituted in this court against defendant Doyle, trustee-operator of the bus, for the resulting physical injuries.
*206 On the day of the alleged attack, Tabulation. was brought to Fordham Hospital. He died there on June 6, 1956. His administratrix claimed that, while he was at the hospital and in its exclusive custody and control, he was so negligently cared for that he sustained physical injuries on November 22, 1955, which resulted in his death. Suit was instituted in this court against defendant City of New York, owner-operator of the hospital.
Plaintiff in each action — now Taimasen’s administratrix — moves for consolidation of the two actions. The application is opposed by both defendants. The motion is denied.
It may be that, if the circumstances warranted, the defendant in the first action might be charged with the aggravation of the first injury as alleged in the second action, and of all proximately caused sequelae. But that is not enough to justify consolidation. The confusion of trying and resolving simultaneously the issues of two unrelated acts occasioned by the unrelated faults of two separate entities grounded upon two distinct legal theories seems to me to be controlling. Moreover (and equally significant) there would be an obvious tendency upon the trial of the actions, if consolidated, to erect into one verdict before the jury against both defendants what would be the sum of two separate verdicts based on injuries sustained in each ease and for which each defendant is separately liable. Whatever might have been the situation had plaintiff sued jointly in the first instance, consolidation now is not to be directed where there is likely prejudice to a substantial right — and that, as I see it, would clearly be the result here.