CLIFFORD H. PRIDE et al., Respondents, v. ALBERT J. PERRAS, Appellant. (Action No. 1.) CLIFFORD H. PRIDE et al., Respondents, v. WILLIAM A. BLANK et al., Appellants. (Action No. 2.) — On October 17, 1954 plaintiffs, husband and wife, were injured when an automobile operated by defendant Perras (Action No. 1) struck the rear of their automobile while they had stopped for a red light on Route 9 at Boght Road in the town of Colonie, New York. Plaintiffs brought suit in January, 1955. That action was noticed for trial for April 4, 1955. On December 18, 1954 plaintiffs were again injured when an automobile owned by defendant William A. Blank, and operated by defendant William Carl Blank (Action No. 2), struck the rear of their automobile while they had stopped on Route 9 at Cottam Hill Road, in the town of Poughkeepsie, preparatory to making a left turn into Cottam Hill Road. Suit was commenced in January, 1955, and this action was also noticed for trial for April 4, 1955. Thereafter, by leave of the court, the complaint in the first action was amended so as to include an allegation that the injuries sustained in the first accident were aggravated as a result of the second accident. After joinder of issue plaintiffs moved to consolidate the actions or, in the alternative, to have them tried together. The motion to consolidate was granted and the defendants in each action appeal from the order entered thereon. Order reversed, with $10 costs and disbursements, and motion denied. The injuries sustained did not arise from the same accident, but from two unrelated accidents as a result of unrelated acts of negligence and at different times. The convenience of one trial does not overcome the prejudice that may result to appellants, and the confusion which the jury will encounter in trying to determine the extent of the injuries attributable to each, and the compensation therefor. (Gamble v. Fraleigh, 1 Misc 2d 347; Nissenblatt v. Doyle, 6 Misc 2d 205.) Beldock, Murphy, Ughetta and Hallinan, JJ., concur; Nolan, P. J., concurs, with the following memorandum: If the facts pleaded in the amended complaint in the action against appellant Perras were sufficient to sustain a recovery against him for the injuries suffered by respondents as the result of the accident in which appellants Blank were involved I would vote to affirm regardless of the prejudice or confusion which appellants claim would result from consolidation. In my opinion any other disposition would under such circumstances constitute an abuse of discretion, and might well result in relieving appellants Blank from responsibility for their negligence and the injuries resulting to respondents therefrom (cf. Milks v. McIver, 264 N. Y. 267). However, facts were not pleaded sufficient to sustain such a recovery and the amended complaint discloses that there was no causal connection between the injuries sustained by respondents in the first accident and those sustained in the second (cf. Zipprich v. Smith Trucking Co., 2 N Y 2d 177), and it does not appear that there is asserted against appellants any right to relief in respect to or arising out of the same transaction, or that any question of law or fact common to all of them would arise in the action if consolidated. (Cf. Civ. Prac. Act, § 212.)