■ PAUL ABBATEPAOLO, Respondent, v. HATTIE BLUMBERG et al., Defendants. (Action No. 1.) PAUL ABBATEPAOLO et al., Respondents, v. BERNICE P. GRAMLICH et al., Defendants, and PETROLEUM HEAT AND POWER COMPANY, INC., et al., Appellants. (Action No. 2.) — Action No. 1 was instituted by Paul Abbatepaolo to recover damages for personal injuries sustained by him at about 11:30 A.M. on February 22, 1957 when he was struck, while riding a bicycle, by a motor vehicle owned and controlled by the defendants Blumberg. Action No. 2 was instituted by Paul Abbatepaolo and by his son, Louis, to recover damages for personal injuries against the owners, operators and those in control of an ambulance and an oil truck. The alleged injuries were sustained at about 12:10 P.M. on February 22, 1957 when the ambulance which was taking Paul to the hospital, following the accident involved in Action No. 1, and in which Louis was also riding, was in collision with the oil truck. The owner of the ambulance and the lessee of the oil truck appeal from an order granting respond-

ents' motion, pursuant to section 96-a of the Civil Practice Act, for a joint trial of the two actions. Order reversed, with $10 costs and disbursements, and motion denied. The two actions did not grow out of the same set of facts and a joint trial, therefore, could not be ordered. (Civ. Prac. Act, § 96-a; *Gamble* v. *Fraleigh*, 1 Misc 2d 347, 348.) If it be assumed that the motion could be considered as one for a consolidation under section 96 of the Civil Practice Act, such relief would also be unwarranted. (*Pride* v. *Perras*, 6 A D 2d 842.) Nolan, P. J., Murphy, Ughetta and Kleinfeld, JJ., concur; Hallinan J., not voting.