RONALD SHACTER, A MINOR, BY JOSEPH SHACTER,
HIS FATHER AND NATURAL GUARDIAN, v. THEODORE
RICHTER AND OTHERS.
RONALD SHACTER v. ROBERT SPEETER, SR.,
AND ANOTHER.

135 N. W. (2d) 66.

April 23, 1965—No. 39,668.

*Meagher, Geer, Markham & Anderson, Thomas L. Adams,* and
*O. C. Adamson II,* for relators.
*Hvass, Weisman & King* and *Si Weisman,* for respondent.

MURPHY, JUSTICE.

This matter is before us on a writ of prohibition which raises the issue as to whether the trial court exceeded its jurisdiction in consolidating two separate actions for trial.

From the facts contained in the record before us, it appears that the first action grew out of injuries sustained by the plaintiff on November 5, 1959, when he was injured in an automobile accident while riding as a passenger in a car driven by defendant Theodore Richter and owned by defendant Leo Breitman, which collided with an automobile driven by defendant Joseph Blockey. The second action grew out of an automobile accident which occurred 3½ years later, on April 22, 1963, when the plaintiff was injured while he was riding as a passenger in a car driven by his brother which collided with a vehicle operated by defendant Robert Speeter, Jr., who was driving with the permission and consent of his father, defendant Robert Speeter, Sr.

The affidavit of plaintiff's counsel in support of the motion to consolidate the actions for trial states that "the injuries sustained in the second accident involved an aggravation of injuries sustained in the first accident." Plaintiff argued that the actions should be consolidated in the interest of "saving trial time and expense to the parties, as well as to the District Court of Hennepin County." On petition of defendants, who assert that the district court exceeded its legitimate power and authority in ordering the consolidation, we subsequently issued the writ of prohibition.

The actions were consolidated pursuant to Rule 42.01, Rules of Civil Procedure, which provides:

"When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

Defendants argue that the application of this rule is circumscribed and limited by Rule 20.01, which permits joinder of claims and parties. So far as applicable here, that rule provides:

"Persons may join in one action as plaintiffs if they assert jointly,

severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of fact or law common to all of them will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

The defendants ask us to hold in effect that consolidation under Rule 42.01 may be ordered only where the actions arise out of the same transactions and might have been joined in the first instance. It should be observed at the outset that Rule 42.01 is the same as Federal Rule 42(a). In 2B Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) § 941, p. 172, it is pointed out that consolidation may be used under circumstances where several actions are ordered "to be tried together but each retains its separate character and requires the entry of a separate judgment. This type of consolidation does not merge the suits into a single action, or cause the parties to one action to be parties to another." It is apparently in this sense that the trial court ordered the consolidation, assuming that the separate issues with reference to liability could be fairly tried together and that there could also be a determination as to how much each defendant contributed to the plaintiff's injuries. The trial court apparently concluded that the consolidation was permissible in that there was a common question of fact as to damages.

The defendants contend that there is no authority for consolidation under the circumstances and further that the consolidation would be prejudicial in that they would find themselves at trial in the unenviable position of adversaries, each attempting to prove the negligence and wrongful conduct of the others. They argue that prohibition is available as a remedy, claiming that the order for consolidation is not only beyond the power of the court, but an abuse of discretion which leaves them with no other adequate remedy at law. State ex rel. Stenstrom v. Wilson, 234 Minn. 570, 48 N. W. (2d) 513; State ex rel. Hierl v.

District Court, 237 Minn. 456, 54 N. W. (2d) 5; Weidel v. Plummer, 243 Minn. 476, 68 N. W. (2d) 245.

■ In support of their argument that the trial court went beyond its power in ordering consolidation, defendants rely on certain New York authorities which are on all fours with the facts in this case. These cases are Gamble v. Fraleigh, 1 Misc. (2d) 347, 146 N. Y. S. (2d) 146; Abbatepaolo v. Blumberg, 7 App. Div. (2d) 847, 182 N. Y. S. (2d) 83; and Pride v. Perras, 6 App. Div. (2d) 842, 176 N. Y. S. (2d) 573. In the latter case, the court said (6 App. Div. [2d] 842, 176 N. Y. S. [2d] 574):

"* * * The injuries sustained did not arise from the same accident, but from two unrelated accidents as a result of unrelated acts of negligence and at different times. The convenience of one trial does not overcome the prejudice that may result to appellants, and the confusion which the jury will encounter in trying to determine the extent of the injuries attributable to each, and the compensation therefor. (Gamble v. Fraleigh, 1 Misc 2d 347; Nissenblatt v. Doyle, 6 Misc 2d 205.)"

These cases are without force here because the New York court was controlled by § 96-a of the New York Civil Practice Act,[1] which provided:

"The court may order that two or more actions * * * growing out of the same set of facts be tried or heard together, without consolidation, whenever it can be done without prejudice to a substantial right."

It should be noted that the foregoing provision permitted actions "growing out of the same set of facts" to be tried together, a condition not found in Rule 42.01 by which we are governed.

The subject of consolidation of actions is treated in a comprehensive annotation in 68 A. L. R. (2d) 1372. Some of the authorities gathered therein relate to actions brought for injuries to person or property arising out of the same wrongful act or caused by the same wrongful act usually against the same defendant by different plaintiffs. The

---

[1]The Civil Practice Act and the New York Rules of Civil Procedure were replaced by New York Civil Practice Law and Rules, effective September 1, 1963.

cases cited in which different party defendants are named in an action by the same plaintiff relate to damages arising out of the same accident. The situation in which plaintiff seeks consolidation of two separate causes of action arising out of two separate occurrences involving two separate sets of defendants is unique and has not been considered by this court since the adoption of the Rules of Civil Procedure. There is some discussion of the general subject in Professor Wright's article in 36 Minn. L. Rev. 601, in which he refers to a related question considered in McGannon v. Chicago & N. W. Ry. Co. 160 Minn. 143, 199 N. W. 894. This source of authority is of no help in considering the application of Rule 42.01.

The plaintiff argues that the "common question of law or fact" test expressed in Rule 42.01 gives the trial court wide discretion in carrying out the policy which the rules comprehend to avoid unnecessary trials, prevent delay, save expense to the parties, and eliminate injustice which may follow from divergent results in separate actions. Plaintiff relies on Adams v. Allstate Ins. Co. 58 Wash. (2d) 659, 364 P. (2d) 804; Stanford v. Tennessee Valley Authority (M. D. Tenn.) 18 F. R. D. 152; and McNeil v. American Export Lines, Inc. (E. D. Pa.) 166 F. Supp. 427. In the McNeil case separate actions involving separate transactions against different defendants were consolidated. From an examination of the abbreviated opinion in that case, it would appear, however, that there was some substantial connection between the two actions consolidated. In the other authorities it would also appear that there was a sufficient connection or unity between the actions joined which would warrant a joint trial without prejudice to the defendants. In each of the authorities relied upon by plaintiff there appeared to be a substantial community of common questions of law or fact which reasonably warranted the consolidations approved. They are authority for the proposition, however, that the mere fact that the parties are different and that the actions arise from separate occurrences will not prevent consolidation where there is, as the rule says, a common question of law or fact.

We cannot agree with the defendants that the test for consolidation is whether the parties might have been originally joined in the same

action. Rule 42.01 gives the trial court wide discretion in ordering consolidation. While the concepts of joinder and consolidation complement each other and overlap, they are nonetheless distinct. Consolidation is wider in scope. The fact that the dimensions of the separate actions may not be in all respects the same does not prevent consolidation if there exists between them the "common question of law or fact." Here, as in Stanford v. Tennessee Valley Authority, *supra,* the common question relates to damages. In that case the court said (18 F. R. D. 155):

"The apparent contention of the defendants is that they would be prejudiced by a joint trial because of the difficulty in determining the responsibility of each defendant on account of its alleged contribution to the plaintiffs' damage.

"Concededly, in cases of this nature, there is the inherent difficulty of segregating and determining the nature and extent of the contribution made by each party to the common nuisance. This difficulty, however, would not be altogether removed if the claims were tried separately. If the claim against one defendant should be separately tried, the jury would still be confronted with the necessity of determining whether the plaintiffs' damage was caused by the defendant before the Court, or whether it was caused by the other defendant not before the Court. There would also exist the necessity of determining the extent that the activities of the defendant on trial contributed to the plaintiffs' damage as contrasted with the activities of the defendant not on trial."

It should be conceded that Rule 42.01 is a flexible rule and that the procedure it contemplates is permissive and rests with the discretion of the trial court. Since there is a fact question common to both actions, we cannot say that under the rule the trial court exceeded its power in making its order for consolidation.

■ It is next contended by defendants that prohibition is an appropriate remedy to interfere with the trial court's order. For reasons already stated, they assert that there is no other remedy for the prejudice which they say will result if both cases are tried together. It should be recognized that the right of parties to a fair trial, free from prejudice and confusion, should not be sacrificed to the policy of convenience

and economy and that in granting a motion to consolidate, the trial court must balance convenience against the possibility of prejudice.

In the concurring opinions in Lambach v. Northwestern Refining Co. Inc. 261 Minn. 115, 111 N. W. (2d) 345, and in Lott v. Davidson, 261 Minn. 130, 109 N. W. (2d) 336, we pointed out that because of varying rules as to presumptions, standards of care, conflicting rules of evidence, and disparate instructions, as well as other elements of trial, consolidation has in some cases resulted in "more complicated trials, with perverse verdicts." (261 Minn. 129, 111 N. W. [2d] 354.)

■ We must assume, however, that the trial court is not only familiar with the views of this court, but that it is also aware of standards of fairness which should guide discretionary acts. Although there are members of this court who doubt the wisdom of the consolidation in this particular case, we must nevertheless assume that the trial court, having carefully examined the issues, was satisfied that both actions could be fairly tried in the same proceeding. Since the court had jurisdiction to make the order and there is no showing of an obvious or certain danger of miscarriage of justice which would necessarily require us to interfere within the purview of State ex rel. Hierl v. District Court, *supra,* and State ex rel. Stenstrom v. Wilson, *supra,* the order should be sustained. The trial court was apparently satisfied that the proceeding may be so ordered and controlled as to be free of prejudice to the parties. It is not for an appellate court to anticipate or prohibit errors of the trial court or to interfere with its discretionary orders as to trial procedure.

Writ discharged.

SHERAN, JUSTICE (concurring specially).

If the order for consolidation was made in contemplation of separate trials to determine liability with respect to the November 5, 1959, accident; then liability with respect to the April 22, 1963, accident; and, finally, damages as against defendants previously found liable to plaintiff, it would not constitute, in my opinion, an abuse of discretion justifying prohibition. In such event, the defendants sued on account of one of the accidents would not be burdened by required participation in proceedings to determine liability in the other. Only those defendants found liable would be required to contest plaintiff's claim for dam-

ages resulting from the composite injury, and the district court would not be foreclosed from requiring joint trial of the damage issue in a case where the total and intertwined loss has been caused by successive tortfeasors.

Separate trial of issues of liability and damages is within the contemplation of Rule 42.02.[1]

Where a unitary injury results from successive but separate torts, there is as between the tortfeasors a common question of fact, i. e., to what extent did the injuries result from the first accident and to what extent from the second. This may not be a logical certainty, but experience suggests that it is a practical one. In separate trials, the plaintiff suffering from an injury due to two unrelated accidents can be expected to attribute the bulk of his trouble to the defendant at hand; and that defendant can be expected to insist that the absent party was the one whose wrong really caused the loss. Once liability is established, a more fair allocation of responsibility for the damage caused by one and aggravated by another might be expected if the plaintiff and the successive tortfeasors litigate the damage question at one time. At least, it has not been made to appear that the trial court was clearly exceeding the bounds of his discretion in so deciding.

While I agree with the view expressed in the dissenting opinion that a consolidated trial of the liability issue against both sets of defendants would be onerous, it has not been made to appear clearly that this was planned. We can assume, I think, that the order for consolidation was made so that the liability issues could be tried separately

---

[1]For discussion of the feasibility of separate trials for liability and damage issues, see *Separate Trials on Liability and Damages in "Routine Cases": A Legal Analysis,* 46 Minn. L. Rev. 1059; Weinstein, *Routine Bifurcation of Jury Negligence Trials: An Example of the Questionable Use of Rule Making Power,* 14 Vanderbilt L. Rev. 831; Miner, *Court Congestion: A New Approach,* 45 A. B. A. J. 1265. See, also, *Separation of Issues of Liability and Damages in Personal Injury Cases: An Attempt to Combat Congestion by Rule of Court,* 46 Iowa L. Rev. 815; *Trial Practice: Separate Trials on the Issues of Liability and Damages,* 17 Okla. L. Rev. 114; *Original Separate Trials on Issues of Damages and Liability,* 48 Va. L. Rev. 99.

and the damage issue only tried jointly. I therefore agree with the majority conclusion that the writ should be discharged.

OTIS, JUSTICE (concurring specially).

I agree with the concurring opinion of Mr. Justice Sheran.

KNUTSON, CHIEF JUSTICE (dissenting).

I cannot agree with this decision. Our Rule 42.01 provides for the consolidation of causes of action having a common question of fact or law. The rule is complementary to the rules dealing with joinder of claims and parties.[1] The rule was never intended to permit consolidation of two or more causes of action based on separate and independent torts. Why should a defendant in one tort action be compelled to take part in protracted litigation involving an entirely separate tort? Certainly there is no common question of fact or law as far as liability of these tortfeasors is concerned. Nor can I see that there is any common question of law or fact as to damages. Each tortfeasor is liable for the damages caused by his separate tort. While consolidation of these actions may give plaintiff a strategic advantage in that a common jury may conceivably award more damages against both tortfeasors than it would against either or against both if tried in separate actions, that is not the purpose of our consolidation rule. Nor does expediency justify depriving a tortfeasor of the right to have his liability and damages determined on the evidence involving his conduct alone without having it confused with the liability of another and separate tortfeasor. Certainly, if plaintiff broke an arm in one collision and a leg in another, no one would contend that the two actions ought to be tried together if they had no connection with each other. I cannot see any more justification for holding they ought to be tried together merely because the same limb happens to be hurt in both accidents.

I think the writ ought to be made absolute.

NELSON, JUSTICE (dissenting).

I join in the dissent of Mr. Chief Justice Knutson.

---

[1] See, 2 Youngquist & Blacik, Minnesota Rules Practice, Authors' Comment No. 3, p. 375.