## CIRCUIT COURT OF HENRICO COUNTY

Jean W. Zachary

v.

V. R. May, Jr., et al.

Jean W. Zachary

v.

Doherty et al.

August 27, 1981

Cases No. 80-L-88 and 80-L-94

By JUDGE E. BALLARD BAKER

Zachary moves to consolidate for trial these two cases involving her claims for personal injuries against separate defendants arising out of separate accidents. The two accidents occurred five days apart. In each, Zachary was operating a motor vehicle when struck in the rear.

Counsel for Zachary represent that she sustained permanent brain damage and that her medical testimony would be that the first accident caused the injury and the second aggravated. Counsel for the defendants, opposing the motion, contend that the liability issues differ in the two cases but I think it fair to state that a primary position of counsel for the defense in the cases will be that the other accident is the major cause of Zachary's present condition.

*Clark* v. *Kimnach*, 198 Va. 737 (1957), discusses consolidation of cases for trial. In that case, the trial court consolidated three separate actions arising out

of the same accident. The Court made the following observation:

> In matters of procedure, the trial court has a wide discretion, but caution should be exercised to see that a party litigant will not be prejudiced before the court orders a consolidation of cases. If the trial court is in doubt as to the advisability of a consolidated trial, no such order should be entered. These three separate actions which arose out of the same accident presented the same basic issues and involved the same evidence and parties. No difficult, unusual or novel issues were involved and separate trials would have consumed more time and incurred additional expense. There would be a repetition of the evidence except as to damages. . . (198 Va. 744-5).

The Court then quotes with approval comments in a Rhode Island case on the subject of consolidation.

Consolidation of same accident or transaction cases are not unusual. See 68 A.L.R.2d 1372; 1 Am. Jur. 2d, *Actions*, sect. 156-161.

In the present cases, the same evidence on damages will be relevant and material. Evidence on the liability issues will differ. However, it does not appear that a jury would have any difficulty with the issues of liability. As to the determination of damages flowing from each accident, assuming liability in each case, a jury would have difficulty. But this same difficulty would exist in each case if tried separately. The same evidence as to the injury and damages would be expected, regardless of how the cases are tried. If tried separately, the defense in each case will point to the other accident as the major contributor; if tried together the same will occur.

Zachary, of course, feels that if the cases are tried together then the one jury will hear all the evidence and render verdicts on all the evidence. She will avoid the possibility that on separate trials each jury may conclude the other accident was the primary factor.

The defendants, on the other hand, fear the possibility that in a consolidated trial the jury, unable to apportion

the damages under the evidence, will simply spread the total among defendants in both cases.

The instructions, whether the cases are tried separately or together, will tell the jury what the law is as to damages. This Court must assume that a jury verdict will be based on the instructions, whether the cases are tried separately or together. A decision for or against consolidation for trial should not turn on some fear that a jury may not reach a verdict in accord with the instructions.

The reasons for consolidation of cases arising out of the same accident are applicable here. The question is the authority of the Court to consolidate over objection. *Clark* v. *Kimnach* says it is discretionary in a case involving the same accident. So do numerous other cases. Does the same discretion apply where the actions do not arise from the same accident?

Other than the comments in *Clark* v. *Kimnach*, I find nothing in Virginia dealing with the authority to consolidate for trial. I read *Clark* to hold that cases arising out of the same accident can be consolidated for trial in the Court's discretion. Section 8.01-281 and Rule 1:4(k) allow the assertion of claims against alternative parties, providing the claims arise out of the same transaction, but, these are making reference to alternative claims in the same suit.

Section 8.01-272 allows discretion in ordering separate trials of differing claims in the same suit.

My research reveals only one case allowing a consolidation for trial of personal injury claims against different defendants arising from different accidents, as requested here. In that case, *Shocter* v. *Richter*, 135 N.W.2d 66 (Minn. 1965), consolidation was upheld under a Rule of Civil Procedure permitting consolidation:

> When actions involving a common question of law and fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated. . . (135 N.W.2d 67).

The Minnesota court pointed out that this Rule is the same as Federal Rule 42(a).

In *Clark* v. *Kimnach, supra,* reference is made to the fact that the Rules of Court were developed after a study of the Federal Rules of Civil Procedures, and the federal rule specifically allowing consolidation of cases for trial was not adopted.

Virginia has allowed consolidation for trial of cases arising out of the same accident, citing with approval a statement that:

> the trial court has inherent power to order that several cases pending before it be tried together where they are the same nature, arise from the same act or transaction, involve the same or like issues, depend substantially upon the same evidence, even though it may vary in its details in fixing responsibility, and where such a transfer will not prejudice the substantial rights of any party. (198 Va. 745).

Authority to consolidate these two cases for trial must be found in the statutes, rules or inherent power. There is no statutory or rule authority; nor can this Court find any inherent authority beyond consolidation of same accident cases. Absent such authority, I conclude that the motion cannot be granted. The cases will have to be tried at separate times.