MCKEIG, Justice.
*320 This appeal concerns the interpretation of the Minnesota Open Meeting Law, Minn. Stat. §§ 13D.01 -.07 (2016). Public officials who violate the statute may be removed from office under Minn. Stat § 13D.06, subd. 3 ("the forfeiture-of-office provision"), if the officials are found to have intentionally violated the statute "in three or more actions." Id. Appellants are residents of the City of Victoria who successfully proved that Respondents ("the Officials"), collectively, committed 38 Open Meeting Law violations. These 38 violations, however, were found after a single trial resulting from consolidation of five separate lawsuits filed by Appellants. At issue is whether the forfeiture-of-office provision requires three separate, serial adjudications, or whether three concurrently filed actions alleging separate, intentional Open Meeting Law violations are sufficient. The district court concluded, based on the court of appeals' decision in Brown v. Cannon Falls Township , 723 N.W.2d 31 (Minn. App. 2006), that three separate adjudications are required, and declined to remove the Officials from office. The court of appeals affirmed. Today, so do we.
FACTS
In May 2014, three sets of plaintiffs filed and served separate lawsuits-the Funk , Gregory , and Bjornlin actions.[1] All three complaints were identical, except for the names of the plaintiffs, and were signed by the same attorney. All three complaints alleged that Victoria's then-mayor, Thomas O'Connor,[2] and three members of the Victoria City Council-James Crowley, Lani Basa, and Thomas Strigel-had repeatedly and intentionally violated the Open Meeting Law.[3] And all three complaints sought to have the Officials "remov[ed] from office" for their violations. On the Officials' motion, the district court consolidated these actions into a single action, with Funk as the lead plaintiff.
Eight months later, in January 2015, two more sets of plaintiffs represented by the same counsel filed lawsuits alleging *321 that Respondents had repeatedly and intentionally violated the Open Meeting Law-the Goulart and Gubbe actions. Appellants also moved to amend the consolidated Funk complaint. The amended Funk complaint alleged violations related to the construction of a new city hall, whereas the Goulart complaint alleged violations related to the construction of a new public works building, and the Gubbe complaint alleged violations related to the construction of a new library, as well as violations related to the city personnel committee. The district court granted Appellants' motion to amend the Funk complaint, but also granted, despite Appellants' opposition, the Officials' motion to consolidate the Funk , Goulart , and Gubbe complaints, reasoning that the original Funk complaint was broad enough to encompass the amended Funk complaint, as well as the Goulart and Gubbe complaints.
The consolidated action proceeded to a 6-day bench trial. At the conclusion of the trial, the district court found that O'Connor and Crowley had each intentionally violated the Open Meeting Law 11 times, Strigel had intentionally violated the statute 10 times, and Basa had intentionally violated the statute six times. The district court therefore imposed civil penalties based on the number of violations. See Minn. Stat. § 13D.06, subd. 1. O'Connor and Crowley were each fined $2,250, Strigel was fined $2,100, and Basa was fined $1,200. Because the consolidated action was the first case where the Officials were found to have violated the Open Meeting Law, the district court declined to remove the Officials from office. The court of appeals affirmed the district court's conclusion that removal from office was not an available remedy. Funk v. O'Connor , No. A16-1645, 2017 WL 5243514, at *4 (Minn. App. Nov. 13, 2017). We granted review.
ANALYSIS
This case requires us to interpret the text of the Open Meeting Law, which is a question of law that we review de novo. Christianson v. Henke , 831 N.W.2d 532, 535 (Minn. 2013). We begin by examining whether the forfeiture-of-office provision is ambiguous. Id. at 536. If a statute is unambiguous, "we apply the plain language of the statute." Cocchiarella v. Driggs , 884 N.W.2d 621, 624 (Minn. 2016).
Violations of the Open Meeting Law are typically punished by a civil penalty of up to $300 per violation, for which the public official is personally liable. Minn. Stat. § 13D.06, subd. 1. The forfeiture-of-office provision, however, provides in relevant part:
If a person has been found to have intentionally violated [the law] in three or more actions brought under [the law] involving the same governing body, such person shall forfeit any further right to serve on such governing body or in any other capacity with such public body for a period of time equal to the term of office such person was then serving.
Id. , subd. 3(a). "Action" means "any proceeding in any court of this state." Minn. Stat. § 645.45(2) (2016).
Appellants urge us to conclude that the forfeiture-of-office provision is triggered when three or more actions, involving the same public official and the same governing body, are filed and ultimately result in a court finding three or more intentional Open Meeting Law violations. Under Appellants' interpretation, the fact that the Funk , Goulart , and Gubbe complaints were filed separately and alleged separate violations would be sufficient to trigger the forfeiture-of-office provision. The Officials, by contrast, argue that subdivision 3(a) is ambiguous because, as in this case, it is possible to bring three separate actions, but, through consolidation, ultimately *322 have only a single action that results in any finding of Open Meeting Law violations. Thus, the Officials seek to condition the application of subdivision 3(a) on the number of actions in which a court finds intentional violations of the statute, whereas Appellants ask us to condition the application of subdivision 3(a) on the number of actions commenced.
The forfeiture-of-office provision also requires, however, that:
The court determining the merits of any action in connection with any alleged third violation shall receive competent, relevant evidence in connection therewith and, upon finding as to the occurrence of a separate third violation, unrelated to the previous violations, issue its order declaring the position vacant and notify the appointing authority or clerk of the governing body.
Minn. Stat. § 13D.06, subd. 3(b) (emphasis added). "Previous," as used in this subdivision, expressly refers to a temporal relationship between the third violation and the preceding violations. See Webster's Third New International Dictionary 1798 (2002) (defining "previous" as "going or existing before in time"); The American Heritage Dictionary of the English Language 1397 (5th ed. 2011) (defining "previous" as "[e]xisting or occurring before something else in time or order," or, alternately, "prior"). In context, however, "previous" also necessarily implies that the "separate" and "unrelated" third violation was found after the first and second violations were found, because findings of violations under the statute are made at the conclusion of an action. See Minn. R. Civ. P. 52.01 (2016) (directing the trial court to make findings of fact "[i]n all actions tried upon the facts without a jury or with an advisory jury" and that they should be accompanied by a direction for the entry of judgment (emphasis added) ). Unless two previous violations had already been established by findings made when previous actions were adjudicated, a court would not have sufficient information to find that the third, removable violation was separate and unrelated. Under the plain language of Minn. Stat. § 13D.06, subd. 3(b), therefore, some time must pass between the action that results in a finding of a separate, unrelated third violation and the resolution of the actions concerning two previous violations.
We construe separate provisions of the same statute in light of each other. Cocchiarella , 884 N.W.2d at 624. Interpreting subdivision 3(a) of section 13D.06 in light of subdivision 3(b), we conclude that the forfeiture-of-office provision is not triggered unless three separate, sequential adjudications result in findings of three separate, unrelated Open Meeting Law violations. Allowing three concurrently adjudicated actions to trigger the forfeiture-of-office provision would deny effect to the word "previous" in subdivision 3(b). This interpretation "would violate the canon against surplusage, which requires us to give effect to each word and phrase of a statute." Shire v. Rosemount , 875 N.W.2d 289, 292 (Minn. 2016). Because applying the plain meaning of "previous" from subdivision 3(b) resolves the alleged ambiguity in subdivision 3(a) in favor of requiring three separate adjudications, we conclude that the district court could not have removed the Officials from office.[4]
*323 CONCLUSION
For the foregoing reasons, we affirm the decision of the court of appeals.
Affirmed.
THISSEN, J., having not been a part of this court at the time this case was submitted, took no part in the consideration or decision of this case.

We refer to each of the district court actions underlying this appeal by the surname of the plaintiff-appellants listed on the respective complaints.

As the court of appeals noted, Funk defeated O'Connor in the 2016 mayoral election. Funk v. O'Connor , No. A16-1645, 2017 WL 5243514, at *1 n.1 (Minn. App. Nov. 13, 2017). Funk is no longer participating in this appeal.

Basa did not run for reelection in 2016, but Strigel and Crowley remain in office as of November 13, 2017. Funk , 2017 WL 5243514, at *1 n.1. Basa and O'Connor's violations remain relevant to this appeal, however, because a public official who commits three or more intentional violations of the statute is also barred from serving on the governing body where he or she committed the violations "for a period of time equal to the term of office such person was then serving." Minn. Stat. § 13D.06, subd. 3(a).

Appellants argue, in the alternative, that the district court abused its discretion by consolidating the Funk , Goulart , and Gubbe actions. According to Appellants, based on their proposed interpretation of Minn. Stat. § 13D.06, subd. 3(a), the district court's consolidation order improperly deprived their three concurrently filed actions of the removal-from-office remedy. Cf. Shacter v. Richter , 271 Minn. 87, 135 N.W.2d 66, 70 (1965) (exhorting trial courts to "balance convenience against the possibility of prejudice" when ordering consolidation). But we have rejected Appellants' proposed interpretation, and hold today that Minn. Stat. § 13D.06, subd. 3, is not triggered absent previously adjudicated violations of the statute. Because no previous action had resulted in findings that the Officials had violated the Open Meeting Law, we need not consider Appellants' alternative argument.