# STATE EX REL. MINNESOTA AMUSEMENT COMPANY AND OTHERS v. COUNTY BOARD OF RAMSEY COUNTY COMMISSIONERS AND OTHERS.

96 N. W. (2d) 580.

May 8, 1959—No. 37,831.

*Mandt Torrison, James C. O'Neill,* and *Bundlie, Kelley & Maun,* for relators.

*Miles Lord,* Attorney General, *George M. Scott,* Hennepin County Attorney, *William B. Randall,* Ramsey County Attorney, and *Robert W. Johnson,* Anoka County Attorney, for respondents.

PER CURIAM.

This is an application for a peremptory writ of prohibition seeking to restrain the boards of county commissioners of Ramsey, Hennepin, and Anoka Counties from promulgating or ordering the establishment of so-called daylight saving time or from putting into effect any order, decree, resolution, or directive heretofore adopted or promulgated. On April 25, 1959, we issued an order to show cause why such writ should not issue and, in order to preserve the status quo, we issued an order restraining the members of the boards of county commissioners of said counties from promulgating such orders or putting into effect any orders, resolution, or decree theretofore adopted until the application could be heard on its merits.

The final determination of this matter requires an answer to three separate questions: (1) Is there any existing law under which the boards of county commissioners of these counties may declare daylight saving time? (2) Is a writ of prohibition available to restrain the unlawful attempt to exercise such authority? (3) Is there any other adequate remedy at law?

Inasmuch as the state legislature is now in session, it is imperative that

the first question be promptly decided in order that they may take such corrective action as they see fit prior to adjournment.

In approaching the first problem, it must be kept in mind that the boards of county commissioners have only such powers and authority as is given to them by the legislature. Prior to 1957, it is clear that the county boards had no authority to change legal standard time. M. S. A. 645.07 then read:

"Every mention of, or reference to, any hour or time in any law is to be construed with reference to and in accordance with the mean solar time of the ninetieth meridian of longitude west of Greenwich, commonly known as Central Standard Time The standard of time in this state is such solar time and no department of the state government and no county, city, town, village, or borough shall employ any other time or adopt any ordinance or order providing for the use of any other time than the standard time. The provisions of this section shall be in force and effect after the second Sunday of July of 1945, at the hour of 12:01 a. m."

At the 1957 session of our legislature, L. 1957, c. 501, was adopted. It became effective on April 19 and it reads:

"Be it enacted by the Legislature of the State of Minnesota:

"Section 1. Time, other than standard adoption authorized. The county board of any county having a population of more than 300,000, and the county board or governing body of any municipal subdivision of any county contiguous to such county may by resolution adopt a time other than standard time for said county or municipal subdivision.

"Sec. 2. Duluth. The governing body of any city of the first class in a county of less than 300,000 population may by resolution adopt a time other than standard time.

"Sec. 3. Inconsistent laws. Any laws inconsistent herewith are hereby amended to the extent inconsistent herewith.

"Approved April 18, 1957."

Under that act the county boards of Ramsey, Hennepin, and Anoka Counties, as well as some others named in the act, were given authority to fix a standard time other than that provided in § 645.07. Seven days later, on April 25, 1957, the legislature took away that power by the adoption of c. 646, which reads:

"Be it enacted by the Legislature of the State of Minnesota:

"Section 1. Minnesota Statutes 1953, Section 645.07 is amended to read:

"645.07. Uniform standard time. (Daylight saving). Every mention of, or reference to, any hour or time in any law is to be construed with reference to and in accordance with the mean solar time of the ninetieth meridian of longitude west of Greenwich, commonly known as Central Standard Time. The standard of time in this state shall be one hour ahead

of such solar time each year beginning and ending on such dates established by the governor to the end that time in use in this state will be in practicable conformance with time other than standard time in use elsewhere in the nation and *no department of the state government and no county, city, town, village, or borough shall employ any other time or adopt any ordinance or order providing for the use of any other time than the standard time.*

"Sec. 2. Any laws inconsistent herewith are hereby amended to the extent inconsistent herewith.

"Sec. 3. This act is effective on passage and shall continue in effect until July 1, 1959.

"Approved April 25, 1957." (Italics supplied.)

The last sentence of § 1 of this act clearly prohibits any county or other subdivision of the state from adopting any time other than the standard time provided in § 645.07. By L. 1957, c. 646, the legislature adopted daylight saving time for the entire state. It imposed the duty upon the governor to fix the dates for such time. It amended all prior acts inconsistent with it, which clearly included c. 501, *and it provided that no county or other subdivision of the state could adopt any other time.* Thereafter the right of the county boards to alter standard time was completely abolished. It is difficult for us to see why there should be any doubt about it.

The attorney general of this state was of the same opinion when, on February 17, 1959, before any action had been taken by any county board, he wrote an opinion in which, among other things, he said (Opinion Attorney General, No. 83-F, February 17, 1959):

"It is our opinion that when Chap. 501 became effective (April 18, 1957), the county board of Ramsey and Hennepin counties and the county board or governing body of any municipality in a county contiguous to Ramsey and Hennepin counties, together with the City of Duluth, were authorized to adopt a time other than standard time prescribed by § 645.07, supra. However, such authority became inoperative and suspended upon the enactment of Chap. 646 and such disability will continue until after July 1, 1959."

In that opinion the attorney general erred only in so far as he concluded the power of the county boards was merely suspended when it had in fact been abolished. However, had that opinion been adhered to by the attorney general and followed by the county boards involved here, there could have been no doubt that they lacked all authority to take the action which precipitated this proceeding.

In the same opinion of the attorney general he quotes with approval the following language from 17 Dunnell, Dig. (3 ed.) § 8928, relating to the effect of an amendment of a statute:

"An amendment of a statute 'so as to read as follows' takes the place of the original, and operates to repeal all of it not embraced in the amendment. The amended statute is to be construed as to any matter after the amendment as if it had been originally enacted in the amended form. * * * All the provisions of the old law which continue in force after an amendment derive their force from the amendatory act. When an amendatory statute is a substitute for the original statute, it repeals those parts of the prior act which it omits."

When a statute is amended, that portion amended is as much obliterated as if repealed. The amendatory portion of the new statute takes the place of the amended portion of the former one. It clearly follows that L. 1957, c. 646, annulled c. 501 and wholly deprived the county boards of any authority to change the legal standard time.

Under L. 1957, c. 646, daylight saving time is established until July 1 of this year. All that remains to be done is for the governor to fix the dates. It is no answer under the clear language of this statutory provision to say that the governor's authority will expire on July 1. Nor does such expiration reinvest the county boards with the authority granted to them under c. 501 and taken away from them by c. 646.

It is clear, and we now so hold, that the boards of county commissioners have no authority under L. 1957, c. 501, or under any other law to change the standard time as fixed by § 645.07 and that daylight saving time is established by the act of the legislature in enacting c. 646. Under the existing law all that remains to be done is for the governor to fix the time when daylight saving time begins and when it ends.

The wisdom of adopting or rejecting daylight saving time is not for this court to determine. Our sole function is to declare the law as we find it.

We will retain jurisdiction and still have under advisement the answers to the last two questions stated above.

On May 13, 1959, the following opinion was filed:

PER CURIAM.

The above-entitled matter involves an application for a peremptory writ of prohibition seeking to restrain the Counties of Hennepin, Ramsey, and Anoka from adopting or promulgating any order providing for the use of any other than standard time as defined by L. 1957, c. 646. On April 25, 1959, we issued our alternative writ, including an order to show cause why a peremptory writ should not issue and a restraining order directing the above-named respondents to refrain from adopting any such order or from putting into effect any order, resolution, or ordinance theretofore adopted. On May 8 we issued our opinion determining that there was no existing law under which the board of commissioners of said counties could lawfully

change standard time as defined in said act and holding further that the duty rested on the governor to fix the effective dates of the so-called daylight saving time. Inasmuch as the governor has now issued his proclamation fixing dates for the beginning and ending of such time, all remaining issues involved in this proceeding have become moot. It is therefore unnecessary to proceed further herein. This court will not issue a peremptory writ of prohibition after the issues have become moot.[1] The proceeding should be and hereby is now dismissed without costs or disbursements to any party.

---

[1]State ex rel. Chicago, M. & St. P. Ry. Co. v. District Court, 141 Minn. 502, 170 N. W. 916; State ex rel. Stenstrom v. Wilson, 234 Minn. 570, 48 N. W. (2d) 513.